UNITED STATES, Appellant

v

DONALD R. SMITH, Airman Recruit,

U. S. Navy, Appellee

8 USCMA 178, 23 CMR 402

No. 9484

Decided July 26, 1957

*First Lieutenant Daniel P. Reardon, Jr.,* USMCR, argued the cause for Appellant, United States.

*Major R. D. Humphreys,* USMC, argued the cause for Appellee, Accused. With him on the brief was *Lieutenant (jg) W. W. McNeilly, Jr.,* USNR.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

After a trial by general court-martial, the accused was convicted of the commission of three offenses proscribed by the Uniform Code of Military Justice. He had been ultimately charged with violation of Articles 95, 128, and 122, 10 USC §§ 895, 928, and 922, respectively. The various specifications under those Articles alleged escape from lawful confinement, aggravated assault (to which specification and charge the accused pleaded guilty), and robbery. The sentence imposed was confinement at hard labor for two years, total forfeitures of pay and allowance, and a bad-conduct discharge. The convening authority affirmed the proceedings, but the board of review disapproved both the findings and the sentence. Its decision is bottomed on the fact that the convening authority, in his referral of the charges to trial by general court-martial, directed trial counsel to amend the specification stating larceny to one alleging robbery. Up to that point, the specification had not alleged that the accused had taken the property by force and violence. In compliance with the convening authority's directive, trial counsel made the necessary changes and then served accused with a copy of the charges. The board of review concluded that, by his actions in the case, the convening authority became an accuser and, therefore, was disqualified to appoint a court-martial to hear any of the charges.

The Judge Advocate General of the Navy thereafter certified this question to us for answer:

"As a matter of law, was the convening authority an accuser under the circumstances of this case?"

Absent the signing of a charge sheet, whether a convening authority is an accuser in a given case is one of fact. Paragraph 5a(4), Manual for Courts-Martial, United States, 1951. There-

**180**

fore, we look to the facts in this record to ascertain the status of the officer who ordered the accused tried for the crime of robbery. We narrow the question to that particular offense, for it is beyond cavil that the functionary here involved could not have been an accuser as to the offenses pleaded originally.

The accused was a prisoner at the time the offenses charged against him are alleged to have been committed. On the day of this occurrence, he and two fellow-prisoners were assigned to a work party under the supervision of a prison guard. During a rest period, the guard, who was armed with a police stick and a .45 caliber pistol, proposed to give the prisoners a demonstration of the alacrity with which he could draw the latter weapon. He handed the accused his club with directions to place it against his back simulating the use of a pistol. When the guard turned his back, the accused decided to end the demonstration, for he seized the occasion to forcibly apply the club to guard's head. The guard became a reluctant victim, and a surprising number of blows were required to render him hors de combat, but in the end, the prisoners obtained his pistol and made their escape. They were apprehended shortly thereafter, and the pistol was found in the possession of the accused.

In due time, the guard signed and swore to charges against the accused. The charge which concerns us alleged larceny, and the specification thereunder stated that the offender did "steal a U. S. Government .45 caliber revolver, serial number 1548139, of a value of about $53.00, the property of the U. S. Government." An Article 32 investigation followed and, after completion of the hearing, the investigating officer's report to the accused's commanding officer was prepared and forwarded. It recommended a trial by general court-

martial on the charges and specifications set forth in the original charge sheet. The commanding officer concurred in the recommendation, and the record was forwarded to the convening authority for his action. In accordance with the Code, the legal officer for the Sixth Naval District reviewed the record and advised the convening authority that, in his judgment, the accused should be tried for committing the crime of robbery, the offense best supported by the record. The convening authority followed the advice of his legal adviser and forwarded instruction to trial counsel to make the necessary changes in the specification. It is this order which poses the important question in this case.

Article 1(11), Uniform Code of Military Justice, 10 USC § 801, defines an accuser as the person who signs or swears to charges, the person who directs that another nominally sign and swear to charges, or any other person who has an interest other than an official interest in the prosecution of the accused. We can dispose of the first ground expeditiously, for it is not contended with reference to that part of the tripartite accuser definition that the convening authority signed or swore to the charges.

Likewise, the disqualification set out in the second part of the codal definition of an accuser need not ▌ detain us long. That disability occurs when the charges are signed nominally by a third person upon the convening authority's direction. We suppose that implicit in that disqualification is the theory that one cannot escape his personal interest in a charge by directing another person to formalize the pleadings. We will later dispose of the personal interest element of the disqualification and, minus that ingredient, the remaining argument misses the point. The only charges actually sworn to in this instance were the original ones, and the guard was the true accuser. He was the man offended against and the victim of the assault. He had a personal interest in the prosecution, and he was the person most familiar with the facts and circumstances surrounding the crime. However, it was not his function to know the Article under which the offense should have been laid, and it was not his oversight that the original charge was larceny and not robbery. He should have been directed to sign the amended charge sheet, and, if that had been done, no question could have been raised that he did so nominally. While trial counsel was the addressee of the directions to amend, he should not have sworn to the charges, for he had no independent knowledge of their accuracy and truthfulness. In addition, he had been ordered to try the case, and it is best that he not step out of character by appearing as an accuser. While the convening authority directed the amendment, he did not issue instructions requiring any individual to sign the charges, nominally or otherwise, but neither did he direct that they not be signed. In the final analysis, the failure in this case to have the charges sworn to must be charged to trial counsel for, after amending the charges, the proper procedure would have been for him to have the original accuser sign the amended charge sheet. But trial counsel's failure to carry out all the legal requirements necessary to perfect the record does not justify a conclusion that the convening authority should be disqualified under a theory that he ordered the charges to be amended and, therefore, had the regular proceedings been carried out, any person signing the charges would have been his alter ego. We have already shown the true accuser could not have been found to occupy that status.

We, therefore, move on to the third ground to consider whether the convening authority had an interest other than an official interest in this prosecution. If he did, under our previous holdings he was disqualified to convene the court. United States v Gordon, 1 USCMA 255, 2 CMR 161. See United States v Haimson, 5 USCMA 208, 17 CMR 208; United States v Blau, 5 USCMA 232, 17 CMR 232.

The board of review decision seems ▌ to disclose some inconsistency in its finding of fact on this ground. After finding there was no indication

181

that the convening authority's act was other than official or that he had a personal interest in the outcome of the litigation at hand, the board nevertheless held that in directing trial counsel to redraft and prefer a new and different offense, the convening authority had become an accuser in the case. The reason ascribed for that conclusion seems to be that the convening authority had disqualified himself by assuming the role of a private prosecutor. Obviously, if a convening authority steps outside of his cloak of officiality by personally prosecuting an accused, he would bring himself within the provision of the Code which prohibits one with a personal interest in the outcome of a case from convening a court-martial to hear that particular case. But we do not concur with a holding which, in effect, proclaims that giving directions to have a specification amended to conform to the evidence developed at a pretrial hearing constitutes the convening authority the prosecutor.

In a previous case decided by us, we had an occasion to consider a communication from a convening authority to trial counsel. In United States v Haimson, supra, defense counsel asserted that a convening authority had aligned himself with the prosecution because he issued trial instructions to trial counsel. In disposing of that contention, we said:

"Does this communication manifest such a state of mind on the part of the convening authority that reasonable men would conclude that he had a personal interest in the prosecution of the case at bar? We are sure that it does not. While the presence of a command line fixes the identity of the person promulgating a directive, its utilization does not, *per se,* indicate a personal interest on the part of the issuing commander in the subject matter thereof. See, United States v. Keith, 3 USCMA 579, 13 CMR 135; United States v. Teel, 4 USCMA 39, 15 CMR 39. It is the substance of the communication—the language in which its provisions are couched, and the circum-stances surrounding its publication—which are controlling here."

When consideration is given to the circumstances surrounding the direction given to the trial counsel by this convening authority, it should be apparent that his actions were not of the persecuting or prosecuting type. There just is no evidence in the record that his directions were the product of any personal interest he might have had in the outcome of the case. The charges and specifications were handled in a routine way, and it is not suggested he was cognizant of the facts of the case before he was called upon to make his decision. They, so far as the record shows, came to his attention at the appropriate time when, in the course of his official duties, it was incumbent upon him to consider the charges and specifications.

When the staff judge advocate's advice was received—which initiated the steps leading to the changing of the specification—the convening authority acted strictly in accordance with his statutory duties, for he is enjoined by Article 34(b) of the Code to do this:

"If the charges or specifications . . . do not conform to the substance of the evidence contained in the report of the investigating officer, . . . such changes in the charges and specifications as are needed to make them conform to the evidence, may be made."

All the evidence before the convening authority merely confirms a conclusion that he acted upon his legal officer's advice to have the specification amended to set out the true offense. The recommendation was appropriate, called for by the facts, and apparently not actuated by any desire to overcharge an offense. We shall take just one of the items of evidence in the hands of the staff legal officer to establish that any attorney, acting in good faith, ought to suggest that the greater crime should be charged. For that purpose, we select the pretrial testimony of one Henderson, who was an eyewitness to the crime. He gave his version of the melee which followed the accused's attack upon the guard, and his testi-

mony may be summarized as follows: That after the initial beating on the head, the guard got possession of the stick; that the accused grabbed him around the waist and called to his co-actor, Whitrock, for help; that Whitrock responded and attempted to take the pistol; that the guard sought to retain its possession, but he started going down under the blows; that Whitrock held his hands and the three struggled over the possession of the weapon; and that the accused continued beating him over the head with the billy club. Certainly that evidence, together with other competent testimony that the accused had the revolver in his possession when caught, would lead any fair-minded person to conclude the pistol was stolen from the guard against his will by means of force and violence. Merely because the convening authority arrived at that conclusion and directed action be taken to frame the charges properly does not prove personalized interest. By statute, he is charged with the duty of deciding the nature and severity of the offenses to be tried and the type of court to decide the issues. Therefore, unless there is evidence showing some departure from that statutory role, his action in ordering the accused tried on a greater offense than the first one alleged is not of such a personalized nature as to disqualify him from further performing his official duties.

One last contention merits comment. The case proceeded to trial without the amended charges having been sworn to and the accused would like us to reverse our previous holdings involving that deficiency, although it is not contended that the record shows any actual prejudice to him. The accused and his counsel were fully cognizant of the amendments and proceeded to trial without objections. Those facts bring him within the rule that, unless he makes a timely objection to a defect of this character, it is waived. In United States v Marcy, 1 USCMA 176, 2 CMR 82, Chief Judge Quinn, speaking for a unanimous court, had this to say:

"Therefore, in accordance with our views in the May case, we hold that the procedure herein was error and not in accordance with Article 30(a) and the provisions of the Manual. But we hold that such error was not prejudicial and did not affect the substantial rights of the accused. Timely objection is certainly required to take advantage of any such error. There was no such timely objection here."

The certified question is answered in the negative, and the decision of the board of review is reversed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in the result):

I would concur outright were it not that I disagree with the basic method of analysis employed by the majority of the Court. In my view, the initial consideration here should be of the board of review's decision. The basic question is whether the board of review's determination that the convening authority was an accuser, as a matter of fact, is sufficient as a matter of law.

In this case the charges were substantially amended by the convening authority after an investigation pursuant to Article 32, Uniform Code of Military Justice, 10 USC § 832. The accuser did not swear to the charges as amended and the accused was brought to trial on the original charges in their amended form. One week before trial the accused was served with the charges as amended. The accused did not object at trial nor did he make motion for appropriate relief. The board of review in their opinion said:

"The convening authority therefore directed the trial counsel to draw up and prefer a new charge, even though the trial counsel was not required to sign or swear to such charge. This, in our opinion, brings the convening authority within the purview of paragraph 5a(4), MCM, 1951, and becomes an accuser as defined therein by reason of his direction to the trial counsel. *There is no indication that his act was other than official or that he had a personal*

*interest.* Rather, it is within the other concept of accuser, that of 'prosecutor' (see United States v. Ross, 16 CMR 579), that the convening authority has placed himself. This situation could have been avoided and the same result could have been obtained had he followed the procedure suggested in paragraph 5a(4), which provides for returning the case to a lower command with appropriate instructions." [Emphasis supplied.]

I regard their reference to paragraph 5a(4), Manual for Courts-Martial, United States, 1951, as a ruling that the convening authority was the accuser in this matter as a *matter of fact.*

Article 1(9), Uniform Code of Military Justice, 10 USC § 801 (Article 1(11), 50 USC (1952 ed) § 551), defines "accuser" as follows:

". . . a person who signs and swears to charges, any person who directs that charges nominally be signed and sworn by another, and any other person who has an interest other than an official interest in the prosecution of the accused."

The board held that the convening authority in this case was an accuser because of his direction to the trial counsel to amend the charges.

Paragraph 5a(4), Manual for Courts-Martial, supra, says:

". . . No person will be ordered to sign and swear to charges if he does not believe the allegations therein to be true in fact to the best of his knowledge and belief. *The person who signs and swears to charges is always an accuser.. Whether a commander who convened the court is the accuser in other cases is a question of fact."* [Emphasis supplied.]

The convening authority did not sign the charges. The trial judge advocate did not sign the charges, and the board of review found as a fact that there was no indication of other than official interest of the convening authority in this case. The board stated that the convening authority was an "accuser" in the sense of United States v Ross, 16 CMR 579. As I read the Ross case,

it merely says that the definition of accuser in Article 1(9), supra, is broad enough to include an older concept of "prosecutor." In the Ross case, supra, at page 583, the board emphasized that the words *"and to any person who has an interest other than an official interest in the prosecution of the accused"* includes the older concept of Article of War 9, 10 USC (1946 ed) § 1480. A person is a "prosecutor" in this sense, therefore, if he has an interest in the prosecution of a case other than official. The board in the instant case determined that there was no such interest here involved. The convening authority did not sign the charges nor did—under his direction or otherwise—anyone else swear to the amended charges. The facts and the board of review have thus ruled out the two possible classifications of accuser possible in this case, viz., a personal interest and directing a person to sign charges nominally. The only evidence on this question of fact, therefore, is that the convening authority directed an amendment to the charges pursuant to authority vested in him to make such substantive changes. Article 34(b), Uniform Code of Military Justice, 10 USC § 834, states:

"(b) If the charges or specifications are not formally correct *or do not conform to the substance of the evidence* contained in the report of the investigating officer, formal corrections, and such *changes in the charges and specifications as are needed to make them conform to the evidence may be made."* [Emphasis supplied.]

It is argued that paragraph 33d, Manual for Courts-Martial, supra, limits the power of the convening authority to make substantial changes. The argument of counsel and the basis of the board's decision is that the oblique parenthetical reference in paragraph 33d of the Manual, supra, to Article 34(b) of the Code, supra—at the end of the discussion of the procedure to be followed by an officer exercising summary court-martial jurisdiction—limits the power of the convening authority granted by Congress in Article 34(b) of the Code. See United States v Grice,

8 USCMA 166, 23 CMR 390, for discussion of the staff judge advocate's status. I don't think any such limitation may be applied.

The only evidence that the convening authority was an accuser then is that he directed an amendment pursuant to the authority discussed above. I think this is insufficient evidence as a matter of law to sustain the board's findings of fact. United States v Bunting, 6 USCMA 170, 19 CMR 296; United States v Moreno, 6 USCMA 388, 20 CMR 104.

I therefore concur in the result.