UNITED STATES, Appellee

v

WILBURN R. RODMAN, Private First Class,
U. S. Army

and

CARL C. SCHNEIDEWIND, Jr., Private,
U. S. Army, Appellants

19 USCMA 102, 41 CMR 102

No. 22,078, Rodman

No. 22,095, Schneidewind

December 5, 1969

*Captain Paul C. Saunders* argued the cause for Appellants, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser,* and *Captain Monte Engler.*

*Captain Salvatore A. Romano* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Major R. Kevin McHugh.*

## Opinion of the Court

DARDEN, Judge:

The appellants, Rodman and Schneidewind, were tried jointly for absence without leave, escape from confinement, larceny, robbery, and aggravated assault, in violation of Articles 86, 95, 121, 122, and 128, Uniform Code of Military Justice, 10 USC §§ 886, 895, 921, 922, and 928, respectively. On their pleas, they were found guilty and given sentences that included dishonorable discharges, total forfeitures, and confinement at hard labor. Identical grants of review on whether the law officer prejudicially erred by granting trial

102

counsel's motion to amend the specifications of Additional Charge I caused the Court to consolidate their separate appeals.

The record contains stipulated facts showing that the two appellants, armed with stolen shotgun and pistol, stopped a 1951 pickup truck owned and operated by Staff Sergeant Sidney Goad. They forced the Sergeant and his four-year-old daughter out of the truck and then drove the vehicle off.

During the trial the law officer drew counsel's attention to robbery specifications that he considered defective. Following an out-of-court conference and a short recess to consider the matter, trial counsel on motion amended the specifications to include the phrase "the presence of." Defense counsel agreed and waived any possible pretrial defect that could result. The amended specifications read:

"Specification: In that . . . [each named appellant] did, at Fort Riley, Kansas, on or about 7 September 1968, acting jointly and in pursuance of a common intent with . . . [the other appellant], by means of force and violence steal from the presence of Staff Sergeant Sidney A Goad, against his will, a 1951 green GMC one-half ton pickup truck, Fort Riley registration number 4666, Kansas 1968 license number GE–2067, of a value of about $295.00, the property of Staff Sergeant Sidney A Goad."

Fundamentally, counsel for the defense argue that the unamended specifications alleged an offense no greater than larceny and that neither the Manual for Courts-Martial, United States, 1951, nor the decisions of this Court permit a change by way of amendment if it results in the allegation of a more serious crime. They also contend that charges already referred to trial are comparable to Federal indictments that can be amended only by the grand jury. Charge sheet amendments, they insist, should be accomplished only by the convening authority.

Arguments by appellate defense counsel are premised on the belief that the original specifications were defective. There appears to be substantial ground for arguing otherwise. Statutory changes have extended the common-law concept of robbery to include snatchings unknown to the victim and takings from a victim stupefied by poison, alcohol, or beatings. "From the presence" has been held to include the removal of things detached from the body and those in the victim's immediate surroundings. State v Snyder, 41 Nev 453, 172 Pac 364 (1918); Bowen v State, 16 Ga App 110, 84 SE 730 (1915); Spencer v United States, 116 F 2d 801 (CA DC Cir) (1940); cf. District of Columbia Code, 1967 edition, Title 22, § 22–2901; Article 122, Code, supra; Appendix 6c, Form 91, page 484, Manual, supra.

Regardless of these considerations, the military rule on amending of charges is to be found in many cases, including United States v Squirrell, 2 USCMA 146, 7 CMR 22; United States v Brown, 4 USCMA 683, 16 CMR 257; United States v Johnson, 12 USCMA 710, 31 CMR 296; and United States v Krutsinger, 15 USCMA 235, 35 CMR 207. Although they do not formulate a simple rule of thumb, these cases consistently permitted the amendment of a specification at any time before findings. These holdings, therefore, are opposed to the defense argument here advanced that court-martial charges are more comparable to a Federal indictment than to an information. See United States v Johnson, supra; Bigrow v Hiatt, 70 F Supp 826 (MD Pa) (1947), affirmed, 168 F 2d 992 (CA 3d Cir) (1948). The law officer is indeed granted discretion in permitting amendments. Cf. United States v Squirrell, supra. The extent of the grant and whether the discretion was properly exercised need not be further considered here because in the circumstances of this case there is a positive and knowing waiver by

the defense. United States v Johnson, supra. Unlike *Krutsinger,* this case results in no miscarriage of justice through applying the principle of waiver.

The appellants were defended at trial by qualified counsel who were afforded every reasonable opportunity to protect their clients' rights. The question in issue was taken up during an out-of-court hearing. A recess permitted research of the applicable law. The law officer permitted the amendment only after being assured that appellants were in agreement. In fact, it was the law officer who first perceived the asserted error.

Neither Rodman nor Schneidewind now claims the amendment misled him about the nature of the charge intended. All parties to the adversary proceedings thought the amended specifications alleged robbery, since the offense was charged as an Article 122 robbery violation from the beginning. We have no doubt that the convening authority intended the trial to be for a robbery. It seems clear that the appellants would not have benefited from insisting that the change be approved by the convening authority. Consequently, we hold that they were not prejudiced by the waiver.

Accordingly, we affirm the decision of the board of review.

Chief Judge QUINN and Judge FERGUSON concur.