**UNITED STATES**

**v.**

**Harvey L. BROWN, 340 46 6309 Private (E-1) U. S. Marine Corps.**

**NCM 75 2326.**

U. S. Navy Court of Military Review.

Sentence Adjudged 22 April 1975.

Decided 30 March 1976.

---

CAPT Eugene A. Ritti, USMCR, Appellate Defense Counsel; LTJG, Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before EVANS, MALLERY and GREGORY, JJ.

## DECISION

EVANS, Senior Judge:

Appellant stands convicted of offenses in violation of Articles 86, 91, 92 and 107, 10 U.S.C. §§ 886, 891, 892, 907, Uniform Code of Military Justice. The sentence, adjudged and approved by intermediate reviewing authorities, provides for a bad conduct discharge, two months confinement, and forfeiture of $200.00 per month for a like period.

At this level, controversy surrounds the finding covering specification 2 under Charge I. The specification, as referred to trial, alleged appellant was an unauthorized absentee from his unit from 1 October 1974 to 21 March 1975. Based on an extensive *Care* inquiry, *United States v. Care*, 18 U.S.

C.M.A. 535, 40 C.M.R. 247 (1969), appellant was found guilty of being absent for the period of 1 October to 20 March (R. 37). During the presentencing portion of the trial, the appellant confirmed the absence did commence on 1 October, but he had returned to his unit on 4 October (R. 46). The unit legal officer notified appellant he had been in an unauthorized absence status, and he was told to stand-by while the officer apparently departed to talk to the First Sergeant about having appellant confined. Appellant did not stand-by, but again unlawfully left his unit. The judge set aside the plea and recessed the Court. When the proceeding again commenced, the defense counsel made the following amended guilty plea on behalf of his client:

"DC: Your honor, I would like the court to consider . . . We would like to made an amended plea at this time. To Specification 2 of Charge I. At this time we would amend . . . The accused would plead Guilty to the Charge, and Guilty to the Specification 2, except for the number, "1," preceding the word, "October," substituting therefor the number, "4," and except for the words, "21," preceding the word, "March," substituting therefor the number, "20," to the excepted words, Not Guilty; to the substituted words and numbers, Guilty. To the Charge, Guilty." (R. 48)

Another *Care* inquiry was made and a guilty finding entered in accordance with the amended plea (R. 49). Appellate defense counsel has filed a post-trial affidavit showing his client's return to military authority on 3 October. According to the affidavit, when appellant returned on that date he engaged in an verbal altercation with the Administrative/Legal Officer in the administrative office. He was told to go to the barracks and put on his uniform. Appellant departed the office. He was not again seen until 20 March.

Appellant's legal champion now contends the judge erred in permitting the plea to be amended to cover the aggravating period of the absence (4 October to 20 March). Stated another way, a plea should have been

accepted only for the period of 1–4 October when the first absence was terminated by appellant's return to his command. I agree in principle with the sage view of appellate defense counsel. So there is no misunderstanding, the action of the judge would not have been improper had he advised the appellant of the law announced in the decision of *United States v. Reeder, infra.* However, I am unable to approve the acceptance of the plea since the record does not show a knowing and intelligent understanding of *Reeder* by trial defense counsel and his client. I take the position an affirmative waiver was required since the amended plea was a concession that was not in the apparent best interests of the defense, *see and compare United States v. Krutsinger,* 15 U.S.C.M.A. 235, 35 C.M.R. 207 (1965), *United States v. Rodman,* 19 U.S.C.M.A. 102, 41 C.M.R. 102 (1969) and *United States v. Miller,* 48 C.M.R. 446 (N.C. M.R.1973). To repeat: I have no objection to the judge's acceptance of the plea if the record reflects "whether the accused and his counsel understand the significance" of the amended plea, *Miller, id* page 448. Since the record does not show an appreciation of the law announced in *United States v. Reeder,* 22 U.S.C.M.A. 11, 46 C.M.R. 11 (1972) the views of our appellate defense counsel are compelling.

The presentencing testimony of appellant showed the specification in question covered two separate offenses. One offense was committed on 1 October. The next absence offense commenced on 4 October. This is but an application of the rule that an unauthorized absence offense is committed on the day such absence commences, *United States v. Emerson,* 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951). Here, the aggravating element *of the charged offense* terminated when appellant returned to his unit on 4 October. It was this 1 October offense that was referred to trial. The 4 October offense was not contemplated when the trial was ordered. This situation is to be distinguished from the usual absence case where the accused contests the inception date of a charged continuous period of unauthorized absence. For example, had appellant asserted he first left on 4 October, and not returned until March then, an "amended" plea would have been proper. Such a plea would have required the judge to conduct only the usual plea inquiry, because it is a plea to a lesser included period of the charged absence, *United States v. Machowski,* 46 C.M.R. 1076 (A.C.M.R.1972). There is strong support for this view in *United States v. Harris,* 21 U.S.C.M.A. 590, 45 C.M.R. 364 (1972). Again, this is but a restatement of what we note in our day to day review of records. They key is continuous period of absence. Where it develops a specification does not allege a continuous period of absence, the judge is steering into shoal water when he permits amended pleas. As I understand *Reeder,* where one specification contains two interrupted absence offenses, it is impermissible to carve two offenses out of the specification. Also, where the first offense is completed, i. e. absence plus aggravating duration, it is similarly improper to approve findings covering the second uncharged absence remaining in the all encompassing specification initially referred to trial. Had the judge in this case not recognized the plea was improvident, we could not approve an absence commencing on 4 October, *Reeder id* page 13. At best, we could have approved a conviction covering the first three days of the absence charged and referred to trial, the so called contemplated offense. We could have returned the specification for a rehearing, *Id* footnote 1. This rehearing would have been on the entire period of charged absence. The reasonable expectation of the rehearing litigation here would have resulted in an acquittal of the charged absence extending past 4 October. Although not germane, it may be argued that in such a circumstance jeopardy has obtained to the entire period, where there is a finding entered on the contemplated offense, *see United States v. Lynch,* 47 C.M.R. 143 (A.C.M.R.1973), *affirmed* 22 U.S.C.M.A. 457, 47 C.M.R. 498 (1973) and *United States v. Florczak,* 49 C.M.R. 786 (A.C.M.R.1974). Therefore, I take the position the amended plea was in fact a plea to an offense not

charged. The offense contemplated was a continuous period of absence from one date to another date between the period of 1 October and 21 March. The particular dates within that time frame are not important. On the other side of the coin, the condition of "continuous absence" is vital in accepting an amended plea. The judge should not have accepted the amended plea until he advised the appellant of the law announced in the *Reeder* decision. Return of the charge sheet to the convening authority would have been required had the appellant objected to trial on an unsworn charge, *United States v. Smith*, 8 U.S.C. M.A. 178, 23 C.M.R. 402 (1957).

It is the responsibility of the judge to conduct a trial in accordance with sound legal principles, *United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975). It was his duty to insure that any waiver of the *Reeder* holding was spread on the record, *see generally, United States v. Stephens*, No. 74 2224 (N.C.M.R.1975), and *United States v. Hampton*, No. 74 1962 (N.C.M.R.1974), my dissenting opinion. The finding of specification 2 must be set aside. As previously stated a rehearing is not possible under rules advanced in *Reeder*.

In view of our disposition of assigned error I, we need not address the second assigned error. The third urged error is without merit, *United States v. Heflin, supra*, pages 506, 645, footnote 4, and *United States v. Hiler*, 47 C.M.R. 817 (N.C.M.R. 1973). We have reassessed the sentence. In view of the seriousness of the other offenses of which appellant was found guilty and his prior disciplinary record, we are convinced appellant deserves a bad conduct discharge.

Accordingly, the finding of guilty of specification 2 under Charge I is set aside. That specification is dismissed. The remaining findings are affirmed. Only so much of the sentence as approved below as provides for a bad conduct discharge and confinement at hard labor for two months .is affirmed.

Judge MALLERY and Judge GREGORY concur.