**UNITED STATES**

v.

**Airman First Class Jerry L. HASHAW, FR 460–82–5362 1878th Communications Squadron Ninth Air Force (TAC).**

**ACM S24476.**

U. S. Air Force Court of Military Review.

22 April 1977.

---

Colonel Robert W. Norris, Appellate Counsel for the Accused.

Colonel Julius C. Ullerich, Jr., and Major William H. Seckinger, USAFR, Appellate Counsel for the United States.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

BUEHLER, Senior Judge:

Tried by a special court-martial with members, the accused stands convicted, in accordance with his plea, of absence without authority in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence is a bad conduct discharge and reduction to airman basic.

Appellate defense counsel invite our attention to three errors asserted by trial defense counsel and assign one additional error. All the errors so assigned, with the exception of the one we discuss below, are without merit. The error we consider avers:

THE MILITARY JUDGE ERRED IN NOT GRANTING THE DEFENSE'S MOTION FOR A NEW SELECTION OF COURT MEMBERS.

On the basis of the record before us we find that the military judge properly denied the motion.

This motion was made after the court was assembled and *voir dire* examination completed. The military judge explored with defense counsel the basis for his motion which he then summarized, with the concurrence of defense counsel, as being "an offer of proof . . . that the . . convening authority would testify that he doesn't consider pilots for the court because of the nature of their duties, that they are too busy to be assigned; and he looks primarily to the Combat Support Group for the detail of officers." Upon further inquiry by the military judge as to why the matter was not raised at the Article 39(a) session held prior to the court being assembled, defense counsel candidly admitted that he could give no reason. Upon objection by trial counsel that the motion was not timely, the matter was not factually litigated and the motion was denied.

The Manual for Courts-Martial, 1969 (Rev.), paragraph 67b, provides:

Defenses and objections based on defects in the preferring of charges, reference for trial, form of the charges and specifications, investigation, or other pretrial proceedings, other than objections going to the jurisdiction of the court or the failure of the charges to allege an of-

fense, may be raised only by a motion for appropriate relief. Failure to raise any such objection prior to plea or prior to the conclusion of any Article 39(a) session held prior to assembly, whichever occurs earlier, constitutes a waiver thereof, but the military judge . . . may grant relief from the waiver for good cause shown.

■ We initially conclude that the motion requesting dismissal of the court panel because of improper selection is clearly not one raising a jurisdictional issue. *United States v. Walsh,* 22 U.S.C.M.A. 509, 47 C.M.R. 926 (1973); see also, *United States v. Jacobson,* 39 C.M.R. 516 (A.B.R. 1968).

■ As aptly pointed out in the excellent brief of appellate government counsel, since accused did not show any cause for relief, and indeed admitted he had no grounds, good or otherwise, for delaying the objection, the judge under paragraph 67*b*, Manual for Courts-Martial, supra, had no alternative but to deny the motion. Of further relevance in support of the military judge's ruling was defense counsel's admission that his grounds for challenge of the selection procedures came to his attention in discussions with the convening authority *prior to trial* and were not disclosed by *voir dire.*[1] Also pertinent is counsel's expressed satisfaction with the qualifications of the members who did sit, announced prior to his objection to the selection procedures.

■ While we agree with the military judge that it was not necessary to further litigate the issue, the supervisory authority during the Article 65(b) review was of a different persuasion. Accordingly, he returned the record of trial to the convening authority for a further hearing on the court member selection process.[2] That hearing, conducted by a different military judge with trial and defense counsel present, heard the testimony of the convening authority. We are satisfied from our scrutiny of the record of that proceeding that there was no impropriety in the panel selection process. The convening authority testified that in choosing the panel, pilots assigned to the tactical fighter squadrons[3] were considered but not selected as members of the accused's court-martial due to a temporary operational requirement occasioned by the formation of a new fighter wing at Moody Air Force Base. The air crews involved were committed to achieving an early combat ready status. There was no deliberate and systematic exclusion of one group of eligible members. *United States v. Crawford,* supra. Nor were eligible persons excluded on the basis of irrelevant or irrational criteria. *United States v. Greene,* 20 U.S.C.M.A. 232, 42 C.M.R. 72 (1970).

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

HERMAN and ORSER, Judges, concur.

---

1. *United States v. Crawford,* 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964); *United States v. Mickel,* 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958).

2. *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

3. It is obvious from the argument of trial defense counsel that his objection was only to the exclusion of pilots assigned to the Tactical Fighter Squadrons and not to all pilots assigned to Moody Air Force Base. While not entirely clear in the record, we are satisfied that this is the same group to which the convening authority referred.