UNITED STATES

v.

**Staff Sergeant Jerry L. DYER, FR 270–46-7883, United States Air Force.**

**ACM 22323.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 Sept. 1977.

Decided 17 May 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Gilbert J. Regan.

Before EARLY, FORAY and HERMAN, Appellate Military Judges.

DECISION

HERMAN, Judge:

The accused was convicted of fourteen specifications of larceny from the Air Force Aid Society, totalling some $11,000.00, as well as a 30 month absence without leave, violations of Articles 121 and 86 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921, 886. His guilty pleas were made pursuant to a pretrial agreement. We hold that, in this context, amendment of one of the larceny specifications from $500.00 to $1,500.00 did not result in a different, additional or more serious offense, and that it was not capable of misleading the accused; therefore, it was not necessary to have the amended specifications charged and sworn anew. We also hold that it was proper for the convening authority to order a post-trial limited hearing for the purpose of correcting an omission of the military judge made during his inquiry into the circumstances surrounding the pretrial agreement.

On 18 December 1975, the accused was charged by his squadron commander with a number of larcenies from the Air Force Aid Society, one of which was a $500.00 theft of funds on 13 April 1974. The charges, as preferred, were received on behalf of the special court-martial convening authority on the same date. The accused had been absent without leave for a month at that time, and did not return until 20 April 1977, soon after which an investigation under Article 32, Code, supra, commenced.

The investigating officer recommended that the specification in question be changed to allege a larceny of $1,500.00 instead of $500.00, since the evidence submitted to him indicated the subject theft

was in the higher amount. On 8 June 1977, this was accomplished at the direction of the special court-martial convening authority.

At trial, defense counsel unsuccessfully moved to dismiss the specification now alleging a larceny of $1,500.00, on the ground that it had not been received by the convening authority within three years from the date of its commission. Article 43, Uniform Code of Military Justice. Trial and appellate defense counsel assert that increasing the amount of the theft constituted it a different, substantially more serious crime, requiring the accuser to charge and swear to it anew, citing *United States v. Arbic*, 16 U.S.C.M.A. 292, 36 C.M.R. 448 (1966) and *United States v. Smith*, 8 U.S.C. M.A. 178, 23 C.M.R. 402 (1957). Although this course of action might have been the wisest under other circumstances, had it been followed in the instant case, the new specification would have been subject to dismissal because of the statute of limitations. Article 43, Code, supra. The defense contends that failure to amend or recharge the offense within the three year limitation period waives the government's right to do so after the expiration of that time.

Article 34 of the Code, supra, in describing the process of referral of charges to a general court-martial after investigation, provides:

> (b) If the charges or specifications are not formally correct or do not conform to the substance of the evidence contained in the report of the investigating officer, formal corrections, and such changes in the charges and specifications as are needed to make them conform to the evidence, may be made.

The leading case of the Court of Military Appeals respecting this issue is *United States v. Krutsinger*, 15 U.S.C.M.A. 235, 35 C.M.R. 207 (1965). The modification made therein of an absence without leave charge increased the maximum punishment from six months to a year's confinement and from partial to total forfeitures, and it added a punitive discharge not previously authorized. Judge Quinn's opinion in that unanimous decision ruled the amendment improper since it included matter aggravating the seriousness of the offense (length of the absence) *and subjected the accused to greater punishment.* 35 C.M.R. at 210. The *Smith* case, supra, cited by the defense in its motion at trial was distinguished by Judge Quinn, as counsel therein had unwittingly failed to object to an improper amendment from larceny to robbery, resulting in trial on, for all intents and purposes, an unsworn charge.

The *Krutsinger* rationale was explained the following year in *United States v. Arbic*, 16 U.S.C.M.A. 292, 36 C.M.R. 448 (1966), where the original sworn charge of desertion was amended to absence without leave upon the Article 32 investigating officer's recommendation, at a time when the three year statute of limitations would have been expired for a newly sworn charge. Holding that no prejudice resulted from the modification of the charge and specification, Judge Kilday wrote concerning the *Krutsinger* case,

> A change of the absent without leave specification at trial was deemed improper in that it aggravated the seriousness of the offense and subjected the accused to greater punishment. Nonetheless, application of *Krutsinger*, supra, is not universal. The Court there admonished that an amendment may be impermissible in one situation but perfectly valid in another. The text of the opinion makes clear that each case must stand on its own facts, tested under outlines hereinbefore discussed. . . . Factually, then, this case is the antithesis of *Krutsinger*, supra. Indeed, the evidence before us aptly demonstrates that the appellant stands convicted of neither a basically different nor more serious offense. In truth, every element of absence without leave is to be found in desertion. Rather than being more serious in nature, it is lesser included. Even in its most derogative form it supports lesser rather than greater punishment.

36 C.M.R. at 451.

In this case, the modification of the specification left all but the amount unchanged. The offense of larceny, the date and place,

the victim, *and the maximum permissible punishment* remained the same. This case falls precisely between *Krutsinger*, where the maximum punishment was increased by the amendment, and *Arbic*, where it was reduced. We apply the philosophy of the Court of Military Appeals, which, as expressed in *United States v. Ellsey*, 16 U.S.C. M.A. 455, 37 C.M.R. 75 (1966), "has always permitted liberal amendment of pleadings, provided the substantial rights of the accused were not prejudiced." We find that the amendment did not result in a different, additional, or more serious offense, nor was it capable of misleading the accused. The funds alleged to have been stolen were in the form of a check; it was simply the amount of the check which was erroneously averred.

It cannot be disputed that increasing the amount of the larceny from $500.00 to $1,500.00 makes the offense appear more serious despite the fact that the maximum punishment is not thereby increased. Under the circumstances of this case, however, where upwards of $10,000.00 in other, similar larcenies were charged, we find an absence of prejudice to the substantial rights of the accused.

Defense counsel next assign as error that

## THE CONVENING AUTHORITY EXCEEDED HIS AUTHORITY IN ORDERING A LIMITED, EVIDENTIARY HEARING TO CORRECT A DEFICIENT PLEA PROVIDENCY INQUIRY.

■ The accused pleaded guilty to the charges and specifications of which he was convicted, pursuant to a pretrial agreement. The military judge conducted an examination of the accused respecting the providency of his pleas of guilty and his understanding of the pretrial agreement, in accordance with the mandate of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R.

247 (1969) and *United States v. Green*, 1 M.J. 453 (C.M.A.1976). Unfortunately, he failed to

. . . secure from counsel for the accused as well as the prosecutor their assurance that the written agreement encompasses all of the understandings of the parties and that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain.

*United States v. Elmore*, 1 M.J. 262, 264 (C.M.A.1976) cited in *Green*, supra.

After an abortive attempt to have the trial judge correct this deficiency through a proceeding in revision, Article 62, Code, supra, the convening authority directed that the military judge hold a limited hearing for the same purpose. *United States v. Dubay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).[1] At that hearing, a full inquiry of counsel and the accused revealed that the understandings of counsel, the accused and the judge were in accord respecting the meaning and effect of the plea bargain.

In our recent decision *United States v. Hounslea*, 5 M.J. 546, (recon.) (A.F.C.M.R. 1978), we concluded that a limited hearing was the proper vehicle to determine whether a pretrial agreement existed. In that case, the trial record evidenced some ambivalence on the part of counsel, and post-trial affidavits raised differences of opinion, respecting the existence of some form of plea bargain. Thus, we stated,

. . . a limited hearing to determine the existence, or lack of same, of a pretrial agreement is a proper manner to resolve this factual issue. Within the confines of this forum the conflicting assertions of the parties can be resolved and presented in a proper manner to us to resolve the ultimate issue of the providency of the accused's pleas of guilty.[2]

---

1. We have recognized the power of the convening authority to order a limited hearing. *United States v. Hashaw*, 3 M.J. 529 (A.F.C.M.R. 1977).

2. *United States v. Hounslea*, 5 M.J. 546 at 551, (recon.) (A.F.C.M.R.1978). See also *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Smith v. Helgemoe*, 23 U.S.C.M.A. 38, 48 C.M.R. 509 (C.M.A.1974).

Even more recently, we were presented with a record of trial devoid of inquiry by the trial judge respecting the understanding of counsel regarding the terms of the pretrial agreement. Therefore, the error at trial was identical to that with which we are, in the present case, faced. We reasoned in our order,

> Although we could set aside the findings of guilty and the sentence as a result of the foregoing omissions, we believe that our appellate fact finding authority under Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866 permits us to first make an effort to remedy what .we evaluate to be a defect collateral to the requirements of the inquiry into the voluntariness of the plea itself. We believe such effort is particularly appropriate here since actual prejudice has not been asserted by appellate defense counsel, nor has our own scrutiny of the record revealed any indication of prejudice.

> In our judgment, the facts we seek can properly be established during a limited evidentiary hearing convened for that purpose.

(Citations omitted.) *United States v. Seberg*, 5 M.J. 589 (A.F.C.M.R.1978).

The only essential distinction between the *Seberg* record and this trial is that here, the. limited hearing has already taken place. Defense counsel have made no claim of prejudice to this accused through the use of the *Dubay* proceeding, and we find none in theory or in the record of trial.

In our view, the use of a limited hearing for this purpose is fully consistent with the requirements of *United States v. Green*, supra, and *United States v. King*, 3 M.J. 458 (C.M.A.1977). In the latter case, the facts were similar to those before this Court. Finding that "substantial compliance" with the requirements of *United States v. Care*, supra, was an unacceptable standard for review, the Court of Military Appeals set aside the findings and sentence and authorized a rehearing. Substantial compliance was "unacceptable because it ignores the

basic policies behind *Green* of *requiring the trial judiciary to actively participate in and prepare a record for the appellate authorities* which satisfactorily demonstrates the absence" of any *sub rosa* agreements (Emphasis supplied). *United States v. King*, supra at page 459.

In the case before us, we have in fact, the active participation of the trial judge, and a record of the limited hearing, as well. There is, in the record, not the slightest hint of prejudice to the substantial rights of the accused by proceeding in this manner. To set aside findings and sentence and cause a new trial simply because the hearing did not take place during the trial proper would be an exercise in futility and a failure of justice.[3] We would not go so far as to rule that post-trial affidavits or depositions would achieve the same purpose as a limited hearing, as did our Army brethren in *United States v. Crowley*, 3 M.J. 988 (A.C. M.R.1977), reversed by order, 4 M.J. 170 (C.M.A.1977), pet. for reconsideration granted and order withdrawn, 4 M.J. 272 (C.M.A. 1978). As the Court of Military Appeals, we would "decline either to attempt to 'fill in' a record left silent because of the trial judge's omission."[4]

We find the remaining assignments of error to be without merit. Accordingly, the findings of fact and the sentence are

AFFIRMED.

EARLY, Chief Judge, and FORAY, Judge, concur.

---

3. Contra, *United States v. Gregg*, 4 M.J. 897 (N.C.M.R.1978).

4. *United States v. King*, 3 M.J. 458, 459 (C.M.A. 1977).