**UNITED STATES, Appellee,**

v.

**Private (E-1) Levy LEWIS, SSN 420–86–4007, United States Army, Appellant.**

**CM 436783.**

U. S. Army Court of Military Review.

14 June 1978.

Colonel Robert B. Clarke, JAGC, and Captain Demmon F. Canner, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Douglas P. Franklin, JAGC, were on the pleadings for appellee.

Before CARNE, COOK and THORNOCK, Appellate Military Judges.

### OPINION OF THE COURT

COOK, Judge:

On 7 October 1977, the convening authority in this case received a pretrial advice[1] from his staff judge advocate which had attached to it a charge sheet[2] containing a description of offenses as follows:

Charge I: Violation of the Uniform Code of Military Justice, Article 121

Specification 1: In that Private E1 Levy Lewis, U.S. Army, Company A, 1st Battalion 68th Armor, Baumholder, Germany did, at Building # 8112, Room 104, H.D. Smith Barracks, Baumholder, Germany, on or about 7 August 1977, steal one (1) turntable, value of about $468.00, one (1) tape deck, value of about $268.00, the property of Daniel R. Balsano. Total value of about $736.00.

Specification 2: In that Private E1 Levy Lewis, U.S. Army, Company A, 1st Battalion 68th Armor, Baumholder, Germany did, at Building # 8112, Room 104, H.D. Smith Barracks, Baumholder, Germany, on or about 7 August 1977, steal one (1) Speaker, value of about $15.00, the property of David W. Thorn.

Charge II: Violation of the Uniform Code of Military Justice, Article 130

Specification: In that Private E1 Levy Lewis, U.S. Army, Company A, 1st Battalion 68th Armor, Baumholder, Germany did, at Building # 8112, Room 104, H.D. Smith Barracks, Baumholder, Germany, on or about 7 August 1977, unlawfully enter the room of Daniel R. Balsano and David W. Thorn, with intent to commit a criminal offense, to wit: to steal stereo equipment, therein.

In conformity with the recommendation of his staff judge advocate, the convening authority reduced the alleged value of the

---

1. Required by Article 34, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 834 and paragraphs 35b and c, MCM, 1969 (Rev.).

2. DD Form 458, 1 Oct. 1969.

turntable described in the first specification of Charge I from $468.00 to $463.00 and dismissed the second specification laid under that Charge. The convening authority thereupon referred the allegations, as changed, for trial.

On 11 October 1977, the United States Court of Military Appeals' opinion in the case of *United States v. Alef*, 3 M.J. 414 (C.M.A.1977), was announced. In that decision the Court mandated that henceforth the Government must affirmatively demonstrate through sworn charges "the jurisdictional basis for trial of the accused and his offenses."[3] In an effort to comply with the edict of the Court, the two specifications in this case were amended[4] by the addition of the following phrase appended at the end thereof:

", said offense occurring outside the territorial limits of the United States and not being cognizable in a US Civilian Court."

On 18 October 1977, the appellant was served with a copy of the charges.

On 1 November 1977, the convening authority re-referred this case to a court-martial appointed by a new convening order. While the named military judge, trial counsel and defense counsel were identical with those designated in the convening order to which the case was initially referred, the composition of the members was changed in the second order. This latter order was subsequently amended to substitute a different military judge.

A few days prior to trial, which convened on 10 November 1977, an assistant to the trial counsel delivered to the defense counsel a piece of paper which he designated as a "flap for page 2 of DD Form 458, US v Lewis" on which was typed the following:

Charge: Violation of the Uniform Code of Military Justice, Article 121

Specification: In that Private E–1 Levy Lewis, US Army, Company A, 1st Battalion 68th Armor did, at Building # 8112, Room 104, H.D. Smith Barracks, Baum-

holder, Germany, on or about 7 August 1977, steal one (1) turntable, value of about $463.00 and one (1) tape deck, value of about $268.00, both the property of Daniel Balsano, total value of about $731.00, said offense occurring outside the territorial limits of the United States and not being cognizable in a US Civilian Court.

The foregoing facts gave rise at trial to an objection by the defense counsel. The following exchange appears in the record:

MJ: And what is your requested relief, again?

DC: Well, Your Honor, the request is for Your Honor to make a ruling as to whether or not that was in fact a dismissal. What affect [sic] does it have—when counsel serves me with a notice of amendment as to Charge I, and there is also an amendment as to Charge II and I'm not served with that, and I'm given a sheet of paper which is to be a flap—and it is true, in this jurisdiction flaps are used all the time—why wasn't that included on it? What legal affect [sic] does it have?

The trial judge ascertained that the convening authority had not dismissed any charges subsequent to his original referral and he then ruled that the delivery of the "flap" had no legal effect and appellant would be tried on both charges, as amended.

On appeal, appellant has asserted error based on the recited facts, but he has shifted his basis in that he now claims a denial of due process because he was not served with a copy of charges after their referral, as required by Article 35, UCMJ.

Article 35, UCMJ, reads:

The trial counsel to whom court-martial charges are referred for trial shall cause to be served upon the accused a copy of the charges upon which trial is to be had. In time of peace no person may, against his objection, he brought to trial

---

3. *United States v. Alef*, 3 M.J. at 419.

4. Precisely when these amendments were made cannot be determined with any accuracy from

the record. Some date between 11 October and a date shortly before 10 November is as specific as the record will reveal.

or be required to participate by himself or counsel in a session called by the military judge under section 839(a) of this title (article 39(a)), in a general court-martial case within a period of five days after service of charges upon him or in a special court-martial within a period of three days after the service of the charges upon him.

It is obvious from the record that trial counsel fully complied with the requirement of this statute as to the charges referred by the convening authority on 7 October 1977.

Consequently, we understand appellant's complaint to incorporate an assertion that the charges were changed after the 18 October service and that such changes occasioned the re-referral of 1 November, after which the requirement of Article 35, UCMJ, had to be again fulfilled.

Initially, we note that the factual predicate upon which appellant's present contention must rest is not clearly established by the record of trial. There is no definitive showing in the record that the identical specifications upon which appellant was tried were not in fact those served upon him on 18 October 1977. Because the thrust of trial defense counsel's complaint at trial was to the effect that, as the "flap" presented to him shortly before trial contained only one specification the other may have been dismissed, the question of precisely how the specifications read on 18 October on the occasion of the service on the appellant was not explored. It is entirely possible that the additional language prompted by the *Alef* decision was added to the specifications prior to 18 October. Neither the delivery of the flap to the trial defense counsel, nor any other evidence of record, is conclusively contraindicative.

Assuming, arguendo, that the charges were altered to add the *Alef* language after they were served on the appellant, still we find no error. Such alterations amount to amendments of the specifications. The United States Court of Military Appeals stated in *United States v. Krutsinger,* 15 U.S.C.M.A. 235, 237, 35 C.M.R. 207, 209 (1965):

A specification can be amended any time before findings. *United States v. Squirrell,* 2 U.S.C.M.A. 146, 7 C.M.R. 22; see also Rule 7(e), Federal Rules of Criminal Procedure. But the scope of amendment is limited. Broadly, the Manual for Courts-Martial, United States, 1951, provides that the amendment cannot "include any person, offense, or matter not fairly included in the charges as preferred." *Id.,* paragraphs 33*d* and 35*a*.[5] Judicial decision has provided further specificity to the limitation. It is now well-settled that an amendment cannot result in: (1) a different or more serious offense; (2) in raising a substantial question as to whether prosecution is barred by the statute of limitations; or, (3) in misleading the accused. *United States v. Johnson,* 12 U.S.C.M.A. 710, 31 C.M.R. 296.

We find that the language added to these specifications does not rise to the criteria of any of the prohibitions enumerated in *Krutsinger, supra.* In truth, the additional words were surplusage because jurisdiction was patently obvious from a reading of the specifications in their original form. *A fortiori,* there was no necessity for another service of these charges on the appellant after the changes were effected.[6]

5. The same citations are applicable in the current Manual for Courts-Martial, United States, 1969 (Revised edition).

6. *See United States v. Ross,* 22 U.S.C.M.A. 353, 355, 47 C.M.R. 5, 7 (1973) (Darden, C. J. concurring); *United States v. Rodman,* 19 U.S.C.M.A. 102, 41 C.M.R. 102 (1969); *United States v. Johnson,* 12 U.S.C.M.A. 710, 31 C.M.R. 296 (1962); *United States v. Squirrell,* 2 U.S.C.M.A. 146, 7 C.M.R. 22 (1953); *United States v. Vau-* *ghan,* 2 M.J. 979 (A.C.M.R.1976); *United States v. Clark,* 49 C.M.R. 192 (A.C.M.R.1974); Paragraphs 69*b* and 87*a* (2), MCM, 1969 (Rev.), for proposition that amendments may be made as late as during trial. *Compare United States v. Ellsey,* 16 U.S.C.M.A. 455, 37 C.M.R. 75 (1966), *with United States v. Mills,* 47 C.M.R. 95 (A.C.M.R.1973) and *United States v. Strong,* 47 C.M.R. 376 (A.C.M.R.1973), as to under what circumstances the trial counsel can amend specifications; *compare United States v. Pew-*

There being no other errors alleged or discerned,

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge THORNOCK concur.

---

*tress,* 46 C.M.R. 413 (A.C.M.R.1972), *with United States v. Fore,* 46 C.M.R. 659 (A.C.M.R. 1972), as to this Court's ability to effectuate an

amendment ordered by the convening authority.