**UNITED STATES, Appellee,**

v.

**Elmer JACKSON, Jr., Private First Class, U. S. Marine Corps, Appellant.**

**No. 30,162.**

U. S. Court of Military Appeals.

Jan. 2, 1976.

First Lieutenant Jay C. Keithley, USMCR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Commander Jeffrey H. Bogart,* JAGC, USN.

Lieutenant Thomas L. Earp, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress,* USMC.

### OPINION OF THE COURT

FLETCHER, Chief Judge:

■ We granted review to determine whether the convening authority's withdrawal of the accused's case from a special court-martial prior to convening of the court and his subsequent referral of the charges to a general court-martial were justified. Although raised for the first time before the Navy Court of Military Review by affidavit, we do not consider waiver appropriate since the attack is essentially one of due process challenging the integrity of the court-martial process. *United States v. Bouie,* 9 U.S.C.M.A. 228, 232, 26 C.M.R. 8, 12 (1958); *see United States v. Cutting,* 14 U.S.C.M.A. 347, 351, 34 C.M.R. 127, 131 (1964); *cf. United States v. Rodgers,* 8 U.S.C.M.A. 226, 228, 24 C.M.R. 36, 38 (1957).

■ The standard for permissible withdrawal and re-referral of charges by the convening authority was set forth most recently in *United States v. Walsh,* 22 U.S.C.M.A. 509, 511, 47 C.M.R. 926, 928 (1973) (citations omitted):

Whether the withdrawal has been after the court has convened but before arraignment . . . or after arraignment but before jeopardy attaches . . or after a judge exercises lawful authority . . . or if charges are withdrawn before the convening of the court as in . . . the instant case, charges which have been referred to one court-martial may not be withdrawn and sent to another without a " 'proper reason.' "

While the better practice is always to make such a "proper reason" a matter of record, we have held previously that there is no

specific requirement that the reason for removal appear on the record if withdrawal precedes the taking of evidence. *United States v. Walsh, supra; United States v. Lord,* 13 U.S.C.M.A. 78, 32 C.M.R. 78 (1962).

In his post-trial affidavit filed with the Court of Military Review, the trial defense counsel asserted that the withdrawal was brought about by his request for the presence of several witnesses, one of whom was stationed overseas. As it did below, the Government counters this contention by noting that while an assault and disobedience charge were withdrawn from the special court-martial, those charges as well as an additional charge of attempted robbery were later referred to a general court-martial.[1]

In essence, then, the controversy narrows to whether the witness requests or the additional charge of attempted robbery precipitated the withdrawal and re-referral. While the former does not constitute a "proper reason" for withdrawal,[2] the latter most assuredly could.[3] Inasmuch as this question of fact was resolved against the accused by the Court of Military Review,[4] and is supported by evidence of record, we cannot say that, as a matter of law, the withdrawal was improper. *United States v. Phifer,* 18 U.S.C.M.A. 508, 40 C.M.R. 220 (1969); *see United States v. Lohr,* 21 U.S.C. M.A. 448, 45 C.M.R. 222 (1972).

The decision of the United States Navy Court of Military Review is affirmed.

Judge COOK concurs.

1. The Government acknowledges that the attempted robbery charge was "based upon the same incident from which the assault charge arose." The accused ultimately was acquitted of the attempted robbery charge.

2. *See Petty v. Moriarty,* 20 U.S.C.M.A. 438, 43 C.M.R. 278 (1971); Manual for Courts-Martial, United States, 1969 (Rev.), paragraphs 33*j*(1) and 56*a*.

3. There has been no showing, nor does the appellant contend, that the attempted robbery charge was illegally referred to trial. Thus, we do not reach the effect of the preferral and ultimate referral of an additional charge in retaliation against a defense request for witnesses.

4. In pertinent part, the Court of Military Review held:

FERGUSON, Senior Judge (dissenting):

My difference with the position of my brothers as expressed in the majority opinion herein is basic: I believe that if there must exist a "proper reason" in order for the convening authority to withdraw a specification from a court to which it lawfully has been referred and to send it to another, that proper reason must be made a matter of record.[5] While the majority, citing *United States v. Walsh,* 22 U.S.C.M.A. 509, 511, 47 C.M.R. 926, 928 (1973), acknowledges that in the instant case the convening authority was required to have had a "proper reason" for his actions, they point to the same case as standing for the proposition that the proper reason need not "appear on the record if withdrawal precedes the taking of evidence." While *Walsh* does so hold, I respectfully cannot agree and I would overrule it as precedent therefor.

The necessity that the explanation involved affirmatively appear as a matter of record is analogous to that in the case of a change in the detailing of a trial judge to a court-martial. The 1951 version of the Manual[6] required that there be "good reason" for changing the law officer subsequent to a particular stage of the court-martial;[7] there was no expressed demand that that good reason be a matter of record. However, this Court, in *United States v.*

The facts disclosed in the affidavit of the individual defense counsel do not overcome the presumption of regularity or furnish a "recognizable indication" that the appellant's case was withdrawn . . . for an improper purpose.

5. While it need not now be decided *how* such reason must be made "a matter of record," suffice it to say that it ought be required that *somehow* an *affirmative* showing be made, whether in writing by the convening authority, by oral representation of the trial counsel at trial, or in some other manner equally revealing to appellate authorities.

6. Manual for Courts-Martial, United States, 1951.

7. Paragraph 39*e*, MCM, 1951.

*Boysen,* 11 U.S.C.M.A. 331, 29 C.M.R. 147 (1960), determined that the excuse of a law officer should be considered from the same standpoint as excuse of a court member and quoted from *United States v. Grow,* 3 U.S. C.M.A. 77, 83, 11 C.M.R. 77, 83 (1953):[8]

> Records of trial should set forth in detail the basis of the absence or relief of any member and affirmatively establish that such absence or relief falls within the provisions of the Code.

The bottom line of *Boysen,* then, was that the record should contain, in detail, the basis for the change in the law officer (now, trial judge), and that it should establish affirmatively that such reason falls within the parameters of the Code—that is, that the record reflect in detail what the reason is and that it affirmatively establish that the reason be a "good reason." Absence of a theretofore specific requirement that the record contain such matter did not there deter us,[9] and it ought not do so here. The rationale for the requirement that the reason be a matter of record is that the convening authority's discretion is subject to review for abuse on appeal. *United States v. Grow, supra.* Without the requisite affirmative showing on the record, appellate authorities are reduced to relying solely on speculation.

Apart from this basic difference with my brothers, however, I have one further major

difficulty with the majority opinion. Therein it is deemed that "the controversy narrows to whether the witness requests or the additional charge of attempted robbery precipitated the withdrawal and re-referral." Observing that the Court of Military Review resolved this factual question adversely to appellant and that such decision is supported by the evidence of record, they conclude that it cannot be said as a matter of law that the withdrawal was improper.

What the majority do, then, is simply to make the issue a factual one, and nothing more. By doing so, however, that opinion sub silentio overrules the precedent of this Court that there exists a presumption of regularity in the convening authority's actions and that for an accused to succeed on appeal there must exist sufficient evidence to rebut that presumption. *United States v. Walsh, supra; United States v. Lord,* 13 U.S.C.M.A. 78, 32 C.M.R. 78 (1962). But that was the test utilized by the Court of Military Review in resolving the issue against appellant,[10] and, to the extent that the majority today changes it, the wrong standard was used below—one which is more difficult for an accused to carry than that set out in the majority opinion. How, then, can that court's decision nonetheless be affirmed? Because I believe that it cannot for the reasons discussed, I am constrained not to concur.

> The standard used by the lower court not only was both different from the standard utilized by my brothers and heavier than they would impose, but also appears to shift the burden onto the accused: If the requirement is that the reason must be a proper one, it seems to me that it is not the responsibility of an appellant to carry the day in proving that it was *improper.* Once the matter is raised—and I have absolutely no doubt but that defense counsel's affidavit was sufficient to do so, whether or not sufficiently persuasive in and of itself alone on the merits—it ought be the task of the prosecution to show that the reason for the withdrawal and re-referral falls within the area permitted. To the extent that "recognizable indication" means successfully carrying the burden of proof, I believe the requirement as to who must shoulder that burden was misplaced below.

---

8. *United States v. Boysen,* 11 U.S.C.M.A. 331, 336, 29 C.M.R. 147, 152 (1960).

9. The 1969 revised version of the Manual procedurally adopted this holding in paragraph 39 *e:* "The record of trial should show the facts which constitute good cause." But, in *United States v. Smith,* 23 U.S.C.M.A. 555, 556, 50 C.M.R. 774, 775, 3 M.J. 490, 491 (1975), we quite clearly stated that once "good cause" was required at all, it *"must"* be *"demonstrated* and made a *matter of record."* (Emphasis added).

10. In the language of the opinion of the Court of Military Review, that tribunal's conclusion was:
> The facts disclosed in the affidavit of the individual defense counsel do not overcome that presumption of regularity or furnish a "recognizable indication" that the appellant's case was withdrawn from the special court-martial and referred to a general court-martial for an improper purpose. *See United States v. Lord, supra.*