**UNITED STATES, Appellee,**

v.

**Private First Class Kay C. ADAMS, Junior, SSN 437–11–9422, United States Army, Appellant.**

**CM 437561.**

U. S. Army Court of Military Review.

27 Feb. 1979.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Larry D. Anderson, JAGC, and Captain John M. Zoscak, Jr., JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, Captain Carl F. Meyer, Jr., JAGC, and Captain Charles A. Cosgrove, JAGC, were on the pleadings for appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

On 6 July 1978 appellant was charged with disrespect to a superior noncommissioned officer, assault (consummated by a battery), and communicating a threat. Examination of the allied papers in this case discloses that on 10 July 1978 these charges were referred to a "regular" special court-martial, i. e., a special court-martial not empowered to adjudge a bad-conduct discharge, by Colonel [M], the special court-martial convening authority. Prior to the commencement of the trial for these offenses, appellant allegedly committed three heroin offenses. The heroin offenses, which occurred during the month of July 1978 resulted in the preferral of three specifications under an additional charge on 2 August 1978. All of the charges against appellant were subsequently tried by a general court-martial, at which appellant pleaded guilty to all of the charges except the alleged communication of a threat. The military judge, sitting alone, entered findings in accordance with the pleas and sentenced appellant to a bad-conduct discharge, confinement at hard labor for fifteen months, and accessory punishments. Pursuant to the terms of a pretrial agreement, the convening authority reduced the period of confinement to six months, and otherwise approved the sentence as adjudged.

Appellant contends upon this appeal that, while the charge sheets contained in the allied papers make clear that the original charges were withdrawn from the special court-martial to which they had been referred and subsequently re-referred to a general court-martial, the reason for the withdrawal and re-referral was not made a matter of record at the trial level. Relying upon *United States v. Hardy,* 4 M.J. 20 (C.M.A.1977), appellant contends that the failure of this matter to appear on the

record is error, and that the remedy for the error is for this Court to approve no sentence in excess of that which could have been adjudged by a regular special court-martial.[1]

At trial, neither counsel mentioned the fact that the original charges had been withdrawn from a special court-martial and re-referred. In the absence of such a mention by counsel or the judge's examination of the charge sheets and other papers concerning the pretrial processing of the charges,[2] the military judge was apparently unaware of the fact that withdrawal of the original charges had occurred. Appellate defense counsel in this case have relied exclusively upon the charge sheets filed in the allied papers to establish that there was a withdrawal of the original charges, and we believe that it is proper under the circumstances for us to examine the indorsements by which those charges were withdrawn and re-referred[3] in order to ascertain fully the circumstances under which these events took place.[4]

Review of the indorsements which forwarded the charges in this case indicates that Colonel [M] withdrew the original charges from the special court-martial on 24 July 1978, the day following the two most recent heroin offenses covered by the additional charges. On 2 August 1978, the accuser preferred and forwarded the additional charges through his battalion commander to Colonel [M]. On 3 August 1978, Colonel [M] designated an officer to conduct a formal investigation into both the original and the additional charges.[5] The investigating officer completed his report on 17 August, and on the same day Colonel [M] forwarded both sets of charges to the general court-martial convening authority with a recommendation that they be tried by general court-martial. All the charges were referred to trial by general court-martial on 30 August 1978.

In *United States v. Hardy, supra,* the Court of Military Appeals announced a requirement that in all future cases an affirmative showing on the record was required of the reason for withdrawal and re-referral of any specification. This requirement was based on Senior Judge Ferguson's dissent in *United States v. Jackson,* 1 M.J. 242 (C.M.A.1976), which urged that the reason for such an action should be made a matter of record. Stating his objection to a procedure which required appellate authorities to rely solely on speculation as to such reasons, Senior Judge Ferguson stated:

While it need not now be decided *how* such reason must be made "a matter of record," suffice it to say that it ought be required that *somehow* an *affirmative* showing be made, whether in writing by the convening authority, by oral representation of the trial counsel at trial, or in some other manner equally revealing to appellate authorities. *United States v.*

---

1. Assuming *arguendo* that such a failure constitutes reversible error, we disagree with appellant as to the appropriate remedy. Since the three heroin offenses covered by the additional charge were referred only to a general court-martial and were never re-referred, it would be inappropriate to limit the sentence as appellant suggests. *See United States v. Jackson,* 1 M.J. 242, 244 n.3 (C.M.A.1976). Instead, the remedy would be to dismiss the original charges as a matter of this Court's discretion, assess the impact of that action on the providence of appellant's guilty pleas to the additional charges, and, depending on that analysis, either order a rehearing or affirm the findings of the additional charges and reassess the sentence.

2. *See United States v. Paulin,* 6 M.J. 38 (C.M.A. 1978).

3. *See* paragraph 82*b*(5), Manual for Courts-Martial, United States, 1969 (Revised edition).

4. *Cf., United States v. Jackson, supra* note 1 (inference of proper reason where allied papers show serious additional charge preferred). When parts of the charge sheets and forwarding indorsements are utilized to raise a procedural issue for the first time on appeal, it is appropriate for a reviewing authority to consider other parts of those documents as bearing on the same issue.

5. *See* Article 32(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832(b); Paragraph 34, Manual, *supra* note 3.

*Jackson, supra* at 244, n.5 (Ferguson, S. J., dissenting).

 Both Senior Judge Ferguson's opinion in *Jackson* and *United States v. Boysen,* 11 U.S.C.M.A. 331, 29 C.M.R. 147 (1960), upon which it relies, allow the parties to the litigation great flexibility in deciding how the requisite showing should be made. Although the best procedure would be for counsel to announce the reasons for any withdrawal and re-referral during the actual course of the trial, we believe that the charge sheets and their accompanying indorsements are part of the record for the purposes of disclosing whether such action was taken for a proper reason. The sequence of events which occurred in this case leads unmistakably to the conclusion that the original charges against appellant were withdrawn from a special court-martial because new allegations involving misconduct of a more serious nature had arisen before that court could assemble. This view is strengthened by the absence of any objection by the trial defense counsel to the pretrial processing of the charges in this case. With the case in this posture, we believe it appropriate also to grant consideration to an affidavit from Colonel [M],[6] wherein he states that his action in withdrawing the original charges was based upon the seriousness of the additional charges, and not upon any improper pressures from the general court-martial convening authority.[7] These facts are properly before us for review and demonstrate that the original charges were withdrawn for a proper reason [8] and that the failure of counsel to set them forth during the trial of this case, while poor procedure, is not reversible error.[9]

---

6. We may consider affidavits which involve "some procedure or occurrence which ordinarily would be included in the record of trial . . . but which [are] missing therefrom by way of mistake, inadvertence, or otherwise." *United States v. Roberts,* 7 U.S.C.M.A. 322, 355, 22 C.M.R. 112, 115 (1956). *Cf., United States v. Bethea,* 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973).

7. In fact, Colonel [M] states in his affidavit that he and the general court-martial convening authority never discussed this case.

The findings of guilty and the sentence are affirmed.

---

8. *See United States v. Jackson, supra* note 1.

9. [T]he failure to follow a procedure prescribed by law is error, but a particular procedural error does not necessarily justify reversal of an otherwise valid conviction. . . . If the purpose of the procedure is not frustrated by what was done and the accused is not prejudiced, reversal is not ordinarily required. *United States v. Napier,* 20 U.S.C.M.A. 422, 427, 43 C.M.R. 262, 267 (1971).