# UNITED STATES

v.

Steve SILVAS, 449 23 4202, Lance Corporal (E–3), U. S. Marine Corps.

NCM 80 0823.

U. S. Navy Court of Military Review.

Sentence Adjudged 7 Nov. 1979.

Decided 31 March 1981.

CAPT S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LT Karl Zobrist, JAGC, USNR–R, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

**512**

LT Joseph G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, PRICE and EDWARDS, JJ.

EDWARDS, Judge:

Appellant was tried by special court-martial, military judge sitting alone, for alleged violations of Articles 80 and 121, Uniform Code of Military Justice (UCMJ) 10 U.S.C. §§ 880, 921; pursuant to his pleas he was found guilty of four violations of Article 80, UCMJ. He was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $360.00 per month for 4 months, and reduction to pay grade E-1. The convening authority reduced the forfeitures to $299.00 per month for 4 months and otherwise approved the sentence. The supervisory authority approved the remaining sentence after suspending execution of the bad-conduct discharge and confinement at hard labor in excess of 3 months.

Appellant has assigned as error:

I

SPECIFICATIONS 1, 3, 4, AND 6 OF CHARGE I FAIL TO ALLEGE ANY VIOLATIONS OF THE UNIFORM CODE OF MILITARY JUSTICE.

II

THE COURT–MARTIAL ORDER ERRONEOUSLY RECITES THE FINDINGS.

III

APPELLANT'S GUILTY PLEAS WERE ENTERED PURSUANT TO AN UNWRITTEN PRETRIAL AGREEMENT AND WERE THEREFORE IMPROVIDENT AS A MATTER OF LAW.

In addressing these issues we found it necessary to request of counsel briefs concerning additional points the Court perceived as bearing on the resolution of the case. Counsel's briefs ably assisted the Court in its deliberation. We do not agree with assigned error I as asserted, but will set aside the findings for other reasons. Our decision in this case will moot the issue as to assigned error II. Assigned error III is without any basis in fact and is therefore without merit.

Assigned error I underscores the care with which charges must be drafted, particularly when the offense alleged is an attempt to violate Article 92, UCMJ, 10 U.S.C. § 892, by failing to obey a lawful general regulation; the preciseness of language military judges must utilize in explaining the elements of the offense; and the exactitude required of the accused's admission of guilt made during the hearing into the providency of the guilty plea. *United States v. Care*, 18 U.S.M.C.A. 535, 40 C.M.R. 247 (1969).

We first address the issue of whether the questioned specifications in this case allege a violation of the UCMJ. It will suffice to set out one of the questioned specifications, for each are identical in form, varying only as to the factual basis of the pleading:

Charge I: Violation of the Uniform Code of Military Justice, Article 80.

Specification 1: In that Lance Corporal Steve SILVAS, U. S. Marine Corps, Headquarters and Service Company, Infantyr [sic] Training School, Marine Corps Base, Camp Pendleton, California, a person subject to the jurisdiction of the U. S. Marine Corps under Article 2, Uniform Code of Military Justice by virtue of a valid enlistment contract signed by him on 31 May 1977 for a period of four years, did, at Marine Corps Base Camp Pendleton, California, on or about 17 May 1979, violate a lawful general regulation, to wit: Article 1151, U. S. Navy Regulations, dated 26 February 1973, by attempting to possess 0.399 grams, more or less, of methamphetamine, an offense cognizable by military court-martial in that it occurred on board Marine Corps Base, Camp Pendleton, California, a situs over which the U. S. Marine Corps exercises exclusive jurisdiction.

In testing the sufficiency of specifications it is established military law that the rigors of old common law pleading have

been replaced by the general principle of modern practice that formal defects which are not prejudicial will be disregarded. We must look to see if the specification contains the elements of the offense intended to be charged; whether the defendant is sufficiently apprised of what he must be prepared to meet; and whether the record shows with accuracy to what extent he may plead a former acquittal or conviction in bar of an attempted subsequent prosecution. If, as in the case, *sub judice*, when the pleadings have not been attacked prior to findings and sentence, then, if the necessary facts appear in any form or by fair construction can be found within the terms of the specification, the specification will be found to be sufficient. *United States v. Sell*, 3 U.S. C.M.A. 202, 11 C.M.R. 202 (1953). The analysis of the case *sub judice* is complicated by the fact that the offenses are charged under Article 80, UCMJ, as attempts. We must therefore look to the plain language of the specification to ascertain its sufficiency.

▪ From the specification set out above as an example we learn that appellant is charged with an attempt under Article 80, UCMJ, that he on or about 17 May 1979 at Marine Corps Base, Camp Pendleton, California violated a lawful general regulation, to wit: Article 1151, *U. S. Navy Regulations, 1973* by attempting to possess 0.399 grams, more or less, of methamphetamine. The offense is drawn under Article 80, UCMJ. In order to convict an accused of a violation of this article it must be shown that the accused did a certain act, that the act was done with the specific intent to commit a certain offense under the Code, and that the act amounted to more than mere preparation and apparently tended to effect the commission of the intended offense. It follows that the specification alleging such an offense must explicitly or implicitly by fair construction contain the elements of the offense, must sufficiently

apprise the accused of the charges he faces and must contain enough information to protect against a subsequent prosecution for the same offense.

▪ Appellant was advised in the sample specification that he was charged with committing a certain act, that is, attempting to possess 0.399 grams, more or less, of methamphetamine aboard Camp Pendleton on or about 17 May 1979. He was also advised that his act was done with the intent to commit a certain offense under the Code, that is, violate Article 92, UCMJ, by violating a lawful general order Article 1151, *U. S. Navy Regulations, 1973*, and, by fair construction, that the act of attempting to possess the 0.399 grams, more or less, of methamphetamine was more than mere preparation and tended to effect the commission of the intended offense.[1] Considering the specification in its entirety it is a fair construction to say that it alleges appellant attempted to violate Article 92 in attempting to violate Article 1151, *U. S. Navy Regulations, 1973* by his attempt to possess 0.399 grams, more or less, of methamphetamine. The specifications were not attacked at trial and the military judge set out the elements in such a manner as to clearly show that the offense attempted would have violated Article 92, through the attempt to violate Article 1151, *U. S. Navy Regulations, 1973*. The specific act done in furtherance of the attempt was the possession of a controlled substance which appellant believed to be methamphetamine but which was in fact another controlled substance; this undoubtedly was the reason the offense was charged as an attempt instead of as a violation of a lawful general order. We find assigned error I to be without merit. *United States v. Sell, supra.*

▪ This case does highlight the need for exactitude in language when drafting charges alleging violations of Article 80. We can not end our inquiry at this point,

1. In examining the above specification, we note that when compared with the form specification suggested in Appendix 6, *Manual for Courts-Martial, 1969 (Rev.)*, the word "attempt" is missing immediately preceding the phrase "violate a lawful regulation". Despite this, the specification clearly was not being drawn under Article 92, UCMJ, but instead was drafted to notify of a violation of Article 80, UCMJ.

however, because we must determine whether the military judge properly explained the elements of the offense as structured in the pleadings and elicited from appellant a factual basis upon which a provident plea could be established. *United States v. Care, supra.* Our inquiry reveals that the need for exactitude in language in charge drafting goes hand-in-hand with the need for precision in *Care* inquiries made by the military judge so to lessen the chance that error occur.

 The Article 80, UCMJ, offense charged was the attempt to violate Article 92, UCMJ; this added another element to discuss vis-a-vis an Article 92, UCMJ, violation. It thereby became necessary that the accused have the specific intent to violate the lawful general regulation; this required that the military judge explain intent to appellant and that appellant explain he in fact had knowledge of the lawful general order and he in fact had a duty to obey that order. In the absence of such an understanding by appellant, the requisite specific intent could not exist. The military judge did explain the element of intent to appellant; however his inquiry into the factual basis was deficient as to specifications 1, 3, 4 and 6 of Charge I. The military judge explained to appellant that in each specification "the second element would be that the act was done with the specific intent to commit the offense of Violation of Article 92, that is, to wit, a Violation [sic] of United States Naval [sic] Regulations, Article 1151, dated 26 February 1973. The offense being the . . . .". (R. 9). Nevertheless, he then. failed to obtain any factual information from appellant that appellant specifically intended to violate the named U. S. Navy Regulation, that he at the time of the offense knew that such a regulation was in existence, or that he knew that such a regulation applied to him.

1. Of course, "[n]either the designation of a wrong article nor the failure to designate any article is ordinarily material, provided the specification alleges an offense of which courts-martial have jurisdiction." Paragraph 27, *Manual for Courts-Martial, 1969 (Rev.). See also*

The findings of guilty to Charge I and the specifications thereunder are set aside. A rehearing may be ordered.

Judge PRICE concurs.

BAUM, Senior Judge (concurring):

I agree with Judge Edwards that if the specifications are interpreted as alleging attempts to violate Article 92, Uniform Code of Military Justice, or Article 1151, *U. S. Navy Regulations, 1973,* then the elements would include the specific intent to violate Article 92 or Article 1151, as the case may be, and the judge would be required to explain this to the accused and elicit answers that show the accused had knowledge of and the specific intent to violate the articles. The judge did not do this in the instant case, leaving us with a deficient plea providence inquiry that requires reversal, under the interpretation given the specifications by Judge Edwards. I view the allegations differently but reach the same result.·

The charge alleges a violation of Article 80, UCMJ, which is the charge for attempts, but the specifications state that appellant *violated* a lawful general regulation, to wit: Article 1151, *U. S. Navy Regulations, 1973.* As worded these specifications, in my view, allege violations of Article 92, which are consummated offenses, rather than attempts under Article 80.[1] I reach this conclusion in spite of the fact that the operative acts alleged are *attempts* to possess controlled substances. As I read subparagraph 1 of Article 1151, *U. S. Navy Regulations, 1973* an attempt to possess a controlled substance would constitute a violation of that Article.

Subparagraph 1 of Article 1151 states that:

All personnel shall endeavor to prevent and eliminate the unauthorized use of marijuana, narcotics, and other controlled substances within the naval service.

*United States v. Olson,* 7 U.S.C.M.A. 460, 22 C.M.R. 250 (1957); *United States v. Deller*, 3 U.S.C.M.A. 409, 12 C.M.R. 165 (1953); *United States v. Sell,* 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953).

Attempting to possess a controlled substance is the logical opposite of endeavoring to "prevent and eliminate" the unauthorized use of such a substance and, accordingly, in my view an attempt to possess would in itself thereby constitute a violation of Article 1151, *U. S. Navy Regulations, 1973.* The judge, however, did not explain the offenses in this manner during the providence inquiry and, therefore, I also find the inquiry deficient under my interpretation of the offenses alleged. Accordingly, I concur with the action setting the findings of guilty aside and returning the record for a rehearing.

As Judge Edwards points out, this case highlights the problems that can arise from careless drafting of specifications and less than complete explanations and inquiries by the military judge. If it was desired in this case to allege attempts under Article 80, UCMJ, I believe the problems encountered could have been avoided by drafting the specifications along the following lines:

> In that Lance Corporal Steve Silvas, U. S. Marine Corps, Headquarters and Service Company, Infantry Training School, Marine Corps Base, Camp Pendleton, California did at Marine Corps Base, Camp Pendleton, California on or about 17 May 1979, attempt to wrongfully possess 0.399 grams, more or less, of methamphetamine, the possession of which would be a violation of Article 1151, U. S. Navy Regulations, 1973, by having in his possession at Marine Corps Base, Camp Pendleton, California on or about 17 May 1979, 0.399 grams, more or less, of a powder which he believed to be methamphetamine.

If the specifications had been drawn in this manner there would have been no requirement for appellant to have had knowledge of Article 92, UCMJ, or Article 1151, *U. S. Navy Regulations* or to have entertained the specific intent to violate these articles.