UNITED STATES

v.

Danny P. CORPAC, 454 92 8030, Lance Corporal (E–3), U. S. Marine Corps.

NMCM 81 0273.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 12 Aug. 1980.

Decided 17 July 1981.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LCDR Stephen C. Baker, JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and BOHLEN, JJ.

PER CURIAM:

Appellant was tried by special court-martial military judge alone upon charges alleging violations of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, one specification of attempt to violate a lawful general regulation, and Article 92, 10 U.S.C. § 892, UCMJ, six specifications alleging at diverse dates that he violated Article 1151, *U.S. Navy Regulations, 1973,* by possessing, selling and transferring marijuana and lysergic acid diethylamide. Pursuant to a pretrial agreement appellant entered pleas of guilty to the specification under Charge I and to specifications 2 and 5 under Charge II; appellant was found guilty in accordance with his pleas and the remaining specifications under Charge II were withdrawn in accordance with the pretrial agreement. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $200.00 pay per month for 5 months and to be reduced to pay grade E–1. The convening authority and supervisory authority approved the sentence as adjudged without modification.

The case is now before this Court for review and appellate defense counsel raises for our consideration the following assignments of error:

I

AN UNRECORDED SIDEBAR CONFERENCE WHEREAT THE MILITARY JUDGE APPARENTLY ASSISTED THE PROSECUTION REGARDING THE FORM OF A SPECIFICATION, PRECLUDES AFFIRMANCE OF A BAD–CONDUCT DISCHARGE.

II

THE FINDINGS AND SENTENCE SHOULD BE SET ASIDE BECAUSE THE MILITARY JUDGE ABANDONED HIS NEUTRAL AND IMPARTIAL ROLE BY ASSISTING THE PROSECUTION, ON AND OFF THE RECORD, TO AMEND A SPECIFICATION WHICH THE MILITARY JUDGE BELIEVED FAILED TO STATE AN OFFENSE.

III

THE MILITARY JUDGE ERRED IN FAILING (A) TO INVALIDATE THE PRETRIAL AGREEMENT AS CONTRARY TO PUBLIC POLICY; OR (B) ADEQUATELY TO QUESTION THE ACCUSED REGARDING HIS UNDERSTANDING OF THE KEY PROVISION OF THE AGREEMENT.

IV

APPELLANT'S GUILTY PLEAS TO CHARGE I AND THE SPECIFICATION THEREUNDER (ATTEMPTED VIOLATION OF ART. 1151 NAVREGS BY ATTEMPTING TO SELL AMPHETAMINES) WERE IMPROVIDENT BECAUSE APPELLANT DENIED ACTUAL KNOWLEDGE OF ARTICLE 1151, *SUPRA,* AT THE TIME OF THE ALLEGED ATTEMPT.

We will address the issues seriatum.

■ As to the first issue, we find no merit; an examination of the record reveals that the court recessed at 0930 and was called to order at 0941, a period of eleven minutes, at which time the trial counsel stated "Your Honor, after some discussions with yourself and the defense counsel during the recess, I have received direction from the convening authority in the case to make the following amendment to the spec-

ification of Charge I." (R.8). We are able to discern from the record the essential content thereof; the substance of any out-of-court discussion can reasonably be ascertained from the discussion in open court and the action taken to modify the specification in question. At most eleven minutes are involved; however, with the trial counsel's comment that he has communicated with the convening authority, that period of time for any discussion during the recess involving the military judge and counsel must be substantially less. Not every conversation of trial participants must be recorded verbatim. One involving a ruling by the judge affecting rights of the accused at trial must be fully recorded if the transcript is to be verbatim, but here the essential substance of the discussion, that which occurred in court and led to the modification of the specification, was fully recorded. *See United States v. Sturdivant,* 1 M.J. 256 (C.M.A. 1976); *United States v. Richardson,* 21 U.S.C.M.A. 383, 45 C.M.R. 157 (1972).

■ An unrecorded sidebar conference involving the military judge and opposing counsel does not violate the provision that a special court-martial may adjudge a bad-conduct discharge only if the record is verbatim. *United States v. Ransom,* 4 U.S.C. M.A. 195, 15 C.M.R. 195 (1954). *See also* Article 19, UCMJ, 10 U.S.C. § 819. Here the substance of any unrecorded discussion is readily ascertainable. We find, under the circumstances of this case, in view of the recorded discussion on the record of the basis for the modification of the specification and the participation of the defense counsel without any hint of disagreement as to what occurred, any presumption of prejudice from the unrecorded out-of-court conversation has been rebutted. *United States v. Eichenlaub,* 11 M.J. 239 (C.M.A. 1981).

## II

■ The military judge did not depart from his impartial role in bringing his reservations about the specification to the attention of counsel. It is the obligation of the military judge to insure that the record

and charges brought before the court are correct and in proper form. Paragraph 69, *Manual for Courts-Martial, 1969 (Rev.).* The record reveals that counsel for appellant had no objections to the amendment of the specification by the trial counsel; in fact, immediately thereafter counsel entered a plea of guilty to the specification as amended and to Charge I. Thus the failure of the defense to object to the amendment and indeed, to acquiesce to it, waives any objection to this perceived error. *United States v. Rodman,* 19 U.S.C.M.A. 102, 41 C.M.R. 102 (1969). *See also United States v. Mortensen,* 8 U.S.C.M.A. 233, 24 C.M.R. 43 (1957).

■ On the basis of the record before us we find that appellant was properly advised and that the military judge continued in his impartial role. The issue is without merit.

## III

■ We find this assigned error without merit. Appellant entered into an agreement involving valid consideration restricting the sentence by limiting the level of tribunal at which the case could be tried. Notwithstanding the referral of the charges to a special court-martial prior to entering into the agreement we believe they could have appropriately been withdrawn for good cause, an Article 32, UCMJ, investigation ordered, and subsequently referred to a general court-martial. *United States v. Jackson,* 1 M.J. 242 (C.M.A. 1976). Further, the pretrial agreement limited the total number of specifications to which the accused would enter a valid guilty plea, the remainder of which were to be withdrawn by the convening authority; we hold this also to be adequate consideration for the guilty pleas at trial. A failure to enter provident pleas to the specifications agreed to may have been a ground, under appropriate circumstances, for subsequent action with a view towards referral to a general court-martial.

■ We believe that the military judge adequately fulfilled his obligation to inquire into appellant's understanding of the agree-

ment. *United States v. Hoaglin*, 10 M.J. 769 (N.C.M.R. 1981).

### IV

Appellant's ignorance of the existence of the specific underlying regulation does not negate his generalized knowledge of the offense of which he is charged with attempting to violate. We find that the appellant was not required to know the specific Article of Navy Regulations, but rather that it constituted a violation of a general Navy Regulation. We find that it is sufficient for appellant to know that his conduct, criminal in nature, was the subject of a proscription of law. Our examination of the record supports a conclusion that appellant knew the conduct was proscribed but that he did not know the specific regulation at the time of the violation.

Unlike the specification in the case of *United States v. Silvas*, 11 M.J. 510 (N.C.M.R. 1981), the specification *sub judice* specifically advises appellant that he was charged with an attempt to violate Article 1151 of Navy Regulations by wrongfully attempting to sell 99 capsules of amphetamine. The military judge after a thorough inquiry on providency of the plea delineated the facts; appellant responded in the affirmative, stating his understanding of those facts as well as the criminality thereof. When the pleadings have not been attacked prior to findings and sentence, then if the necessary facts appear in any form or by fair construction can be found within the terms of the specification, the specification will be found sufficient. *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953). *See also United States v. Silvas, supra.*

The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence, as approved on review below, are affirmed.