UNITED STATES

v.

**Airman First Class Earlen J. DAVIS, Jr., FR 569–17–6431 United States Air Force.**

**ACM 23281.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 Aug. 1981.

Decided 27 Jan. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain William H. Lamb.

Appellate Counsel for the United States: Colonel James P. Porter and Major George D. Cato.

Before HODGSON, C. J., POWELL, Senior Judge, and MILLER, Appellate Military Judge.

### DECISION

HODGSON, Chief Judge:

Tried by general court-martial with members, the accused was convicted, pursuant to his pleas, of wrongfully transferring lysergic acid diethylamide (LSD), and, despite his pleas, of attempting to wrongfully transfer methaqualone, in violation of Articles 92 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 880. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year, forfeiture of $300.00 per month for one year, and reduction to airman basic.

The attempted transfer specification is worded:

In that AIRMAN FIRST CLASS EARLEN J. DAVIS, JR. ... did ... attempt to violate a lawful general regulation, to

wit: paragraph 4–4, Air Force Regulation 30–2..., by wrongfully transferring some quantity of a dangerous drug, to wit: Methaqualone (Quaaludes).

The accused contends the wording of this specification requires that the Government prove he had actual knowledge of Air Force Regulation 30–2 and had the specific intent to violate that regulation. We disagree.

 Knowledge of a general regulation need not be affirmatively shown but may be presumed. Manual for Courts-Martial, United States, 1969 (Rev. Edition) para 171 a ; *United States v. Cala*, 31 C.M.R. 696 (A.F.B.R.1961), pet. denied 31 C.M.R. 314 (C.M.A.1961); *United States v. Chasles*, 9 U.S.C.M.A. 424, 26 C.M.R. 204 (1958). Further, the intent involved in an attempt is the intent to commit the substantive offense. *United States v. Schreiner*, 40 C.M.R. 379 (A.B.R.1968); *See United States v. Gonzalez-Rodriguez*, 7 M.J. 633 (A.C.M.R. 1979). In this case the substantive offense is the wrongful transfer of a dangerous drug.

To sufficiently allege an offense, a specification must apprise an accused of the offense that he must defend against, and protect him against a second prosecution for the same misconduct. *See United States v. Marshall*, 18 U.S.C.M.A. 426, 40 C.M.R. 138 (1969); *Cf., United States v. Quick*, 50 C.M.R. 112 (A.C.M.R.1975). This specification or one similarly drafted, satisfies the test for sufficiency.

Additionally, we think it incongruous that an attempt, a lesser crime, would demand more exacting proof than the consummated offense. Accordingly, we hold there is no requirement that an accused have specific knowledge of Air Force Regulation 30–2 or to have entertained the specific intent to violate that regulation to sustain a conviction under Article 80, *Code, supra.*  The specific intent required is the intent to commit the substantive offense. The *sine qua non* of a criminal attempt to wrongfully transfer drugs is the accused's belief that his conduct constitutes or tends to constitute the substantive crime attempted. *United States v. Giles*, 42 C.M.R. 960 (A.F.C.M.R.1970). Factually, the record supports our conclusion that the accused intended to wrongfully transfer methaqualone and is guilty of an attempt to do so.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.

---

* Although aware of *United States v. Silvas*, 11 M.J. 510 (N.C.M.R.1981), we choose not to follow that decision.