UNITED STATES, Appellee,

v.

**Specialist Four David L. LEVIN, SSN 567–94–8451, United States Army, Appellant.**

**SPCM 17198.**

U. S. Army Court of Military Review.

28 Oct. 1982.

---

2. Under the provisions of the pretrial agreement, the convening authority could have approved a dishonorable discharge if adjudged by the court; the court adjudged only a bad-conduct discharge.

Captain Dennis E. Brower, JAGC, and Captain Warren G. Foote, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Major Rexford T. Bragaw, III, JAGC, and Captain David A. Brown, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of attempted transfer of lysergic acid diethylamide (LSD) and possession of LSD, in violation of Articles 80 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 892 (1976). His sentence to a bad-conduct discharge was approved by the convening authority.

■ The appellant contends that the specification alleging attempted transfer of LSD fails to state an offense. The specification alleges that the appellant did,

at Helemano Military Reservation, a military installation, on or about 7 October 1981, wrongfully attempt to transfer 60 units, more or less of lysergic acid diethylamide (LSD) to Specialist Four Dean B. Romano, United States Army, a military service member, in violation of a lawful general regulation, to wit: paragraph 5–2a(7)(a), Army Regulation 600–50, dated 20 October 1977.

The appellant argues that the specification fails to allege an offense because Army Regulation 600–50 does not prohibit attempted transfers. We find his contention without merit. We believe that the specification clearly alleges an attempt to commit an act which is prohibited by the regulation. Although somewhat inartfully worded, it was sufficient to set out the elements of the offense, enable the appellant to prepare a defense, and protect him from prosecution for the same act. *See United States v. Sell,* 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953).

■ The appellant also contends that his plea of guilty was improvident because the military judge failed to establish that the appellant intended to violate a lawful general regulation. The appellant relies on language in *United States v. Silvas,* 11 M.J. 510 (N.C.M.R.1981), indicating that when an attempt to violate a lawful general regulation is charged, the military judge must determine that the appellant had knowledge of the lawful general order, knew that he had a duty to obey it, and intended to disobey it. 11 M.J. at 514. The Air Force Court of Military Review has declined to follow the *Silvas* rationale, holding that there is no requirement for the military judge to satisfy himself that an accused had

specific knowledge of the regulation proscribing the conduct, nor must the military judge satisfy himself that the appellant entertained the specific intent to violate a specific regulation. However, the military judge must satisfy himself that the appellant intended to commit the substantive offense proscribed by the regulation. He need not determine whether the appellant knew the specific regulation which proscribed the conduct, so long as he determines that the appellant knew that the act which was attempted was prohibited. *United States v. Davis,* 13 M.J. 593 (A.F.C. M.R.1982). We will follow the Air Force Court's position and hold that the plea inquiry in this case was adequate.

We have considered the remaining assignments of error, which have been brought to our attention pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and we find them without merit.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge WERNER concur.