UNITED STATES, Appellee,

v.

Private E-1 Darren Dewey BROWN, 138–44–2482, (arraigned as Barry O. Rogers, 141–42–4048), (AKA Archie Harris, Jr., 142–58–1942), United States Army, Appellant.

CM 447849.

U.S. Army Court of Military Review.

9 May 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC, Captain Robert A. Burrell, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before MARDEN, PAULEY and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Appellant was tried by military judge sitting as a general court-martial convened by the Commander, Presidio of San Francisco (The Presidio), California. Pursuant to his pleas, appellant was found guilty of fraudulent enlistment, fraudulent possession of identification cards, wrongfully wearing a Combat Infantryman Badge (CIB), absence without leave (AWOL), forgery, and larceny, in violation of Articles 83, 134, 86, 123 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 883, 934, 886, 923 and 921. He was sentenced to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. In accordance with a pretrial agreement the convening authority approved the sentence as adjudged, except the confinement, approving only one year.

Appellant alleges the following error: The court-martial which tried appellant lacked jurisdiction over Charges I (fraudulent enlistment), VI (wrongful wearing of a CIB), VIII (forgery) and IX (larceny) because of improper referrals. We disagree and affirm.

Appellant entered the Army on several occasions using, at varying times, the names Barry O. Rogers, Archie Harris, Jr., Darren Brown, Jamal Doreen, Darien Brown, Darran Dewey Brown, Jariew Jamal, Darien Jamal, Jimmie L. Smith, Darren Jamal Brown, and Jamel Darien. There is some evidence that he had also enlisted in the Marine Corps. During his enlistment as Archie Harris Jr., appellant was assigned to a U.S. Army unit in the Federal Republic of Germany. While a member of that unit certain charges, which included the forgery (Charge VIII) and larceny (Charge IX), were referred to trial by special court-martial authorized to adjudge a bad-conduct discharge by the Commander, 3d Armored Division. Prior to trial, appellant absented himself without authority.

He was subsequently dropped from the rolls of the unit. These charges were apparently forwarded with the accused's records. They were not withdrawn from referral to trial prior to forwarding by the Commander, 3d Armored Division.

Subsequently, appellant again enlisted in the Army using the name Barry O. Rogers and was assigned to Korea. While in Korea, other charges, to include fraudulent enlistment (Charge I) and wrongfully wearing a CIB (Charge VI), were referred to a special court-martial empowered to adjudge a bad-conduct discharge. Appellant submitted and the Commander, 2d Infantry Division, approved, a request for discharge under the provisions of chapter 10, AR 635–200. Appellant was transferred to Oakland Army Base for separation. At Oakland Army Base, appellant was recognized as Archie Harris, Jr., by a soldier who apparently had been assigned with appellant to the same unit in Germany and knew him by that name. Appellant was apprehended as Archie Harris, Jr., for his lengthy absence from the 3d Armored Division. The Commander, Headquarters, Presidio of San Francisco, revoked the administrative discharge. The convening authority, acting on the advice of his staff judge advocate, withdrew the charges that had been referred to special courts-martial by the commanders of the 3d Armored Division and 2d Infantry Division and referred all of the charges to trial by general court-martial.

Appellant contends that the court-martial lacked jurisdiction because the referral at The Presidio was defective. He argues that the convening authority at The Presidio had no authority to withdraw the charges referred to bad-conduct discharge special courts-martial by the convening authorities of the 2d Infantry Division and the 3d Armored Division. In appellant's view Rule for Court-Martial 604(a), MCM, 1984,[1] permits withdrawal of charges only by the convening authority who referred

---

1.  RCM 604(a), MCM, 1984, provides in pertinent part, "The convening authority or a superior competent authority may for any reason cause

any charges to be withdrawn from a court-martial at any time before findings are announced."

them or by superior authority, neither of which is the commander of The Presidio. Consequently, The Presidio commander had no authority to dispose of the referred charges absent withdrawal by those convening authorities.

█ We disagree with appellant's analysis and believe the general court-martial convened by The Presidio commander had jurisdiction to try appellant. In regard to the referral to trial by the commander of the 2d Infantry Division, the question has been mooted subsequent to appellant's pleadings by acceptance of affidavits filed by the government reflecting that the charges were withdrawn from trial upon the approval by that commander of the administrative discharge. Only the question concerning the 3d Armored Division referral to trial remains to be resolved.

█ We do not believe that the question of proper withdrawal of charges from the special court-martial is the key issue in this case. Here, there is no question that the requirement for a proper reason for withdrawal of referral of charges was met. *See, United States v. Jackson,* 1 M.J. 242 (C.M.A.1976).

█ We agree with appellant that *United States v. Hardy,* 4 M.J. 20 (C.M.A.1977), and *United States v. Blaylock,* 15 M.J. 190 (C.M.A.1983), are helpful in the resolution of the issue. In *Hardy,* charges were withdrawn from a special court-martial by superior authority and then referred to trial by general court-martial. The Court of Military Appeals in that case held that the general court-martial lacked jurisdiction to try charges referred to it because those charges had not been properly withdrawn from the special court-martial by the convening authority.

This position was rejected by that same Court in *United States v. Blaylock,* 15 M.J. at 192 (C.M.A.1983), where it stated,

However, *Hardy* was a person subject to the Uniform Code; the offenses charged were prohibited by the Code; the convening authority was a person empowered by Article 22 of the Code, 10 U.S.C.

§ 822, to convene a general court-martial; and the court personnel were appointed pursuant to Articles 25–27 of the Code, 10 U.S.C. §§ 825–27. Thus under familiar criteria the general court-martial in *Hardy* would appear to have possessed jurisdiction.

Under the circumstances of this case, we find no requirement that the charges already referred be withdrawn prior to referral to court-martial by a convening authority who has the accused within his command. As stated by the Court in *Blaylock* at 195, "Indeed, to condition the power of the officer exercising general court-martial jurisdiction to rerefer the charges upon a withdrawal by the original convening authority would impose an unauthorized limitation upon the power granted by Article 23(b)." Although not requiring withdrawal of referral of charges from trial could result in "a race to the courthouse," such instances where this rule would be applicable are limited to facts similar to this case and should be rare. Further, the accused is protected from being tried more than once for the same offenses by the former jeopardy guarantees of Article 44, Uniform Code of Military Justice, 10 U.S.C. § 844.

█ We find that appellant was a person subject to the Uniform Code, that the offenses charged were prohibited by the Code, that the convening authority was a person empowered by Article 22 of the Code, 10 U.S.C. § 822, to convene a general court-martial, and that the court personnel were appointed pursuant to Articles 25–27 of the Code, 10 U.S.C. §§ 825–27. Accordingly, we hold that the general court-martial had jurisdiction over appellant.

We find the remaining errors personally raised by appellant to be without merit. The findings of guilty and the sentence are affirmed.

Senior Judge MARDEN and Judge PAULEY concur.