**UNITED STATES, Appellee,**

v.

**Earlen J. DAVIS, Jr., Airman First Class, U.S. Air Force, Appellant.**

No. 43,329.
ACM 23281.

U. S. Court of Military Appeals.

Aug. 29, 1983.

For Appellant: *Colonel George R. Stevens* and *Major William H. Lamb* (on brief).

For Appellee: *Colonel Kenneth R. Rengert* and *Major George D. Cato* (on brief); *Colonel James P. Porter.*

*Opinion of the Court*

PER CURIAM:

Appellant was tried by a general court-martial with members on a charge that on February 4, 1981, he violated Air Force Regulation 30–2 by wrongfully transferring some Lysergic Acid Diethylamide (LSD), and on an additional charge that on January 29, 1981, he attempted to violate the same regulation by wrongfully transferring some quaaludes, in violation of Articles 92 and 80 of the Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 880, respectively. Davis pleaded guilty to the original charge and not guilty to the additional charge, but he was convicted of both. His sentence was a bad-conduct discharge, confinement at hard labor for 1 year, forfeiture of $400 pay per month for 1 year, and reduction to the lowest enlisted grade. The convening authority approved the trial results, except for forfeitures exceeding $300 per month; the Court of Military Review affirmed. 13 M.J. 593 (1982).

In this Court appellant asks "[w]hether the findings as to the Additional Charge and specification should be set aside due to the lack of any proof of the appellant's knowledge of AFR 30–2 and specific intent to violate this regulation." In essence, Davis urges the same position argued by the accused in our recent case of *United States v. Foster*, 14 M.J. 246 (C.M.A.1982)—namely, " 'that to be guilty of *attempted* violation of a general regulation (as opposed to a violation of a general regulation), the accused must have actual knowledge of the regulation in issue.' " *Id.* at 248. Under this view there must be a specific intent to violate the general regulation, rather than a specific intent to accomplish the substantive act which violates the regulation—here the transfer of quaaludes.

In *Foster*, it was alleged that the accused had "attempt[ed] to sell a dangerous drug, to wit: Amphetamine, in violation of a lawful general regulation, to wit: paragraph 4–4, Air Force Regulation 30–2, dated 8 November 1976." While the military judge during the providence inquiry advised Foster that the second element of the offense was "that the act was done with the specific intent to commit the offense of violation of a general regulation," he proceeded to explain as to that

second element, I want you to understand that it is not necessary that you be thinking in terms of violating the general regulation at the time this took place, but it must be proved beyond a reasonable doubt that you specifically intended to commit the offense prohibited by the general regulation; that is, of course, to sell amphetamines.

*Id.* at 247. After analyzing some of our prior opinions on the nature of attempts, we concluded

that if the accused specifically intended to perform an act which is otherwise defined as a crime by the Uniform Code of Military Justice and takes steps toward the consummation of that intended result amounting to more than mere preparation, he is guilty of an attempt under Article 80. Thus, the "specific intent" which must be proved is the intent to commit the proscribed act.

Thereafter, we reasoned:

Applying this rationale to the instant case, the specification alleges that the accused "attempt[ed] to sell a dangerous drug." The specific intent herein alleged is the intent to sell the drugs. The accused admitted his understanding of the criminality of the act of selling drugs.... For purposes of the accused's plea, it is immaterial whether he knew the sale violated any particular clause of any particular regulation. In the same manner, it is immaterial whether a person charged with ·attempted murder knows the specific statute his conduct would violate so long as he is aware that his intended objective—murder—is an illegal act. The confusion surrounding these cases stems from the manner of charging the attempt. The attempted sale is the intended crime which is proscribed by Article 80, not the violation of the regulation which makes the sale illegal.

*Id.* at 249 (footnote omitted.)

In the case at bar, the phrasing of the *charge* differs somewhat from that of the charge on which Foster was tried. There it was alleged that the accused had "at-

tempt[ed] to sell a dangerous drug ... in violation of a lawful general regulation." *Id.* at 247. Here, on the other hand, Davis was alleged to have "attempt[ed] to violate a lawful general regulation ... by wrongfully transferring some quantity of a dangerous drug." The language of the specification here is obviously more susceptible to the interpretation that the Government was alleging that Davis had a specific intent to violate the particular general regulation and that the act by which his intent was manifested was the wrongful transfer of the drug. *Compare United States v. Silvas,* 11 M.J. 510 (N.C.M.R.1981), *with United States v. Corpac,* 11 M.J. 861 (N.M.C.M.R. 1981).

Indeed—unlike *Foster*—the defense relied upon this theory at trial. Thus, the defense counsel contended in his closing argument before findings:

We have no problem with the allegations by the Government that Airman Davis may have thought that the substance being transferred was quaaludes, and you have a laboratory report stating that the substance transferred was, in fact, not quaaludes, but a mixture of stearic acid and pyrilamine, not quaaludes, not controlled in any way. Now, compare this with what the Government's charged. They have charged an attempt to violate 30–2 by wrongfully transferring quaaludes. An attempt to violate 30–2 by wrongfully transferring quaaludes. In other words, Airman Davis transferred quaaludes, therefore he attempted to violate 30–2. This is what the wording says, and this is not what happened, of course. Now, from listening to the evidence, defense—I have an idea what the Government meant to charge, but this is not my job. My job is to look at [w]hat the Government, in fact, has charged, and prepare a case against it. You may have an idea of what the Government meant to charge, but your job is not to speculate either. Your job is to look at what's before you, and see if the Government has proved that. They have not. They cannot prove what they have charged.

This is why Airman Davis has entered a plea of not guilty to the offense charged and this is why the only logical finding for this court to bring back on the Additional Charge is a finding of not guilty. Thank you.

The military judge also embraced this theory. In an Article 39(a) * session which took place before the judge instructed the members, he indicated to both counsel:

Now, I will go on to advise the court, as I previously instructed them, that *specific intent to commit the offense of violation of a lawful general regulation ... must be proved beyond a reasonable doubt.*

(Emphasis added). Then, after closing argument by both counsel, the judge instructed in this manner as to the nature of the offense alleged and the intent required:

Now, in the Specification of the Additional Charge, the accused is charged with the offense of *attempting to violate a lawful general regulation,* in violation of Article 80 of the Uniform Code of Military Justice. You are advised that, to find the accused guilty of this offense, you must be satisfied by legal and competent evidence beyond a reasonable doubt of each and every one of the following elements of this offense. They are as follows:

First, that at the time and place alleged in the Specification, the accused *attempted to violate a lawful general regulation ... by wrongfully transferring some quantity of a dangerous drug,* to wit: Methaqualone (quaaludes).

The second element is that the accused did an act with the *specific intent to commit the offense of violation of the lawful general regulation.*

Third, that the act done by the accused amounted to more than mere preparation, that is, it was a direct movement toward the commission of the intended offense; and,

Finally, that the act apparently tended to effect the commission of the intended offense, except for circumstances unknown to the accused.

Now, you are further advised that *an attempt to commit an offense is an act or acts done with the specific intent to commit the particular offense* which, once again, except for the interference of some cause preventing the carrying out of the intent, apparently would result in the actual commission of the offense. Now, to constitute an attempt, there must be a specific intent to commit the particular offense, accompanied by an overt act which directly tends to accomplish the unlawful purpose. [Discussion of overt act omitted.]

I would also like to advise the court, however, that it is not essential that the offense of violation of a lawful general regulation ... by transferring methaqualone or quaaludes be proved. It is only necessary that the court be satisfied by legal and competent evidence beyond a reasonable doubt that *the accused intended to commit the offense, once again, of violation of a lawful general regulation ... by transferring methaqualone (quaaludes).*

\*    \*    \*    \*    \*    \*

Now, I previously instructed you with regard to the elements of the offense that you must be satisfied—excuse me— that *the accused's specific intent to violate paragraph 4–4 of Air Force Regulation 30–2 must be proved beyond a reasonable doubt. That is one of the elements of the offense charged.* Now, direct evidence of intent is often unavailable. The accused's intent, however, may be proved by circumstantial evidence. In deciding this issue, you must consider all the relevant facts and circumstances of this case.

(Emphasis added).

In this case the Government from the outset—from the drafting of the additional charge—purported to assume a burden that, as *Foster* later held, it was not required to bear. The record is devoid of any evidence that Davis was personally acquainted with the contents of AFR 30–2; and so, if the

---

* Uniform Code of Military Justice, 10 U.S.C. § 839(a).

court members had scrupulously followed the instruction of the judge they would have had little choice but to acquit. Under these peculiar circumstances, does the rationale of *Foster* still apply?

We answer this query in the affirmative. To do otherwise would give decisive importance to the form of the allegations, even though the gravamen of the charge was perfectly clear. Secondly, appellant believed that he was transferring quaaludes, even though subsequent analysis revealed that this was not the case. His intent would have fully sufficed to allow his conviction of the substantive offense of violating the regulation if the substance transferred had in fact proved to be quaaludes. Although, in a few instances—such as attempted murder—an intent which will suffice to permit conviction of the substantive offense is inadequate to prove an attempt, we find no basis for invoking such a distinction in the present case. Finally, when the Government is subjected by a judge to proving an element of an offense which, under the statute, it is not required to prove, we see no prejudice to the accused when as here, the Government is deficient in proving this element. The Government was not required to show that Davis had knowledge of the terms of the Air Force Regulation.

In short, we choose to follow in the present context the underlying rationale of *Foster,*

> that if the accused specifically intended to perform an act which is otherwise defined as a crime by the Uniform Code of Military Justice and takes steps toward the consummation of that intended result amounting to more than mere preparation, he is guilty of an attempt under Article 80. Thus, the "specific intent" which must be proved is the intent to commit the proscribed act. "There are no other elements to the offense." *United States v. Thomas,* . . . [13 U.S.C.M.A. 278,] 286, 32 C.M.R. [278,] 286 [1962].

14 M.J. at 249.

Accordingly, the decision of the United States Air Force Court of Military Review is affirmed.

FLETCHER, Judge (concurring in the result):

I concur in the result. See my opinion in *United States v. Foster,* 14 M.J. 246, 249 (C.M.A.1982) (Fletcher, J., concurring in the result).